## FRIEDMAN v. McHUGH.

### No. 4340.

Circuit Court of Appeals, First Circuit.

June 2, 1948.

David S. Kunian, of Boston, Mass., for appellant.

J. Edward Keefe, Jr., of Boston, Mass., (Thomas C. O'Brien and John S. Stone, both of Boston, Mass., on the brief), for appellee.

Before DOBIE, MAHONEY, and WOODBURY, Circuit Judges.

DOBIE, Circuit Judge.

This is an appeal from a decision of the United States District Court for the District of Massachusetts. Martin McHugh was duly adjudicated a bankrupt, and, within six months after the adjudication, the bankrupt's son, John McHugh, while an employee of a railroad, was killed in an accident.

Agnes McHugh, the mother of John Mc-Hugh, was appointed Administratrix of John's estate. She obtained a settlement from the railroad, for the death of John, of $5,000. After the payment of counsel fees, $3,750 was left, which, under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., went in equal parts ($1,875 for each) to Martin McHugh (the bankrupt), father of John, and Agnes McHugh, the mother of John, as the designated beneficiaries under the Liability Act.

As far as is material here, Section 70, sub. a(8) of the Bankruptcy Act, 11 U.S. C.A. § 110, sub. a(8), provides:

"All property which *vests in the bankrupt within six months after bankruptcy by bequest, devise, or inheritance* shall vest in the trustee and his successor and successors, if any, upon his or their appointment and qualification, as of the day when it vested in the bankrupt." [Italics ours.]

The District Court (overruling an order of the Referee in Bankruptcy) held that this sum of $1,875, received by the bankrupt on account of the death of his son, did not constitute property vesting in the bankrupt by "bequest, devise or inheritance," and, accordingly, need not be turned over by the bankrupt to his trustee in bankruptcy. The trustee has appealed to us.

We append the part that is pertinent here of the Federal Employers' Liability Act, 45 U.S.C.A. § 51:

"Every common carrier by railroad while engaging in commerce between any of the several States or Territories * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents * * * for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier * * *."

 . The appellant here appears to concede (as we think he must) that he is not helped by the words (in the Bankruptcy Act) "bequest" or "devise;" for those terms both apply only to testate succession, under a will, the word "bequest" covering personalty and the word "devise" covering realty. Appellant, however, contends that the word "inheritance" in the Bankruptcy Act is broad enough to cover the accession by the bankrupt-father to the right, given by the Federal Employers' Liability Act, to damages against the railroad for the death

of the bankrupt's son. We agree with the District Court that this contention is lacking in merit.

While the word "inheritance," when used in its strict technical sense, is limited to intestate succession of realty, we are quite willing to give this word (as used in the Bankruptcy Act) a broader meaning and to include personalty within its denotation. But, even under this broad meaning, the word "inheritance" (here) cannot apply to the right of a father, for the death of his son, arising out of the Federal Employers' Liability Act.

No case has been cited by counsel, and we have in our own independent investigations been unable to find a case, squarely in point on the precise question before us. However, the nature, the incidents and the attributes of the rights arising under the Federal Employers' Liability Act have been defined and described in numerous cases. We think, for our purposes, it is necessary to cite and to discuss only a few of these cases.

In Michigan Central Railroad Co. v. Vreeland, 227 U.S. 59, 69, 33 S.Ct. 192, 195, 57 L.Ed. 417, Ann.Cas.1914C, 176, Mr. Justice Lurton stated that the Federal Employers' Liability Act (in keeping with its English prototype, Lord Campbell's Act) "has been construed not as operating as a continuance of any right of action which the injured person would have had but for his death, but as a new or independent cause of action for the purpose of compensating certain dependent members of the family for the deprivation, pecuniarily, resulting to them from his wrongful death." Interpreting Lord Campbell's Act, Coleridge, J., in Blake v. Midland Ry. Co., 18 Q.B. 93, 109, observed: "It will be evident that this act does not transfer this right of action to his (deceased) representative, but gives to the representative a totally new right of action, on different principles." And even clearer is the pronouncement of Lord Blackburn, in Seward v. The Vera Cruz, 10 App. Cases 59:

"A totally new action is given against the person who would have been responsible to the deceased if the deceased had lived; an action which * * * is new in its species, new in its quality, new in its prin-

ciple, in every way new, and which can only be brought if there is any person answering the description of the widow, parent, or child, who under such circumstances suffers pecuniary loss."

See, also, Lindgren v. United States, 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686; Gulf, Colorado & Santa Fe Railway Co. v. McGinnis, 228 U.S. 173, 33 S.Ct. 426, 57 L.Ed. 785; American Railroad Co. of Porto Rico v. Didricksen, 227 U.S. 145, 33 S.Ct. 224, 57 L.Ed. 456; American Railroad Co. of Porto Rico v. Birch, 224 U.S. 547, 32 S.Ct. 603, 56 L.Ed. 879.

While the suit under the Act is brought in the name of the personal representative, the personal representative really sues not qua personal representative, not for the benefit of the estate of deceased, but as statutory trustee for the sole benefit of the beneficiaries specifically named in the Act. Said Mr. Justice Sanford, in Lindgren v. United States, 281 U.S. 38, 41, 50 S.Ct. 207, 209:

"And if the employee leaves no survivors in any of the classes of beneficiaries alternatively designated, it necessarily follows that the personal representative cannot maintain any action to recover damages for the death, since there is no beneficiary in whose behalf such an action can be brought."

See, too, cases cited in the preceding paragraph. See, also, the excellent opinion of District Judge Paul in In re Butler, D.C., 20 F.Supp. 995, 997; Roberts, Federal Liability of Carriers (2nd. ed.) Vol. 2, § 884.

Any lingering doubt here, we think, is clearly expelled by the very explicit statement of Mr. Justice McKenna in Taylor v. Taylor, 232 U.S. 363, 370, 34 S.Ct. 350, 353, 58 L.Ed. 638:

"It is clear from these decisions that the source of the right of plaintiff in error was the Federal statute; and this whether the cause of action is based on the 1st section of the act or on § 9, added in 1910 [45 U.S.C. A. §§ 51, 59]. From plaintiff in error's complaint against the railroad company it is not clear whether she counted on § 1 alone or on that and § 9. If under § 1 the *cause of action was not derived from the deceased in the sense of a succession from him.* As

said in one of the cited cases, her cause of action was 'one beyond that which the decedent had,—one proceeding upon altogether different principles.' It came to her, it is true, on account of his death, but because of her pecuniary interest in his life and the damage she suffered by his death. It was her (the widow of decedent) loss, not that which his father may have suffered. The judgment she recovered was for herself alone. He had no interest in it. Any loss he may have suffered was not and could not have been any part of it, as we have seen." [Italics ours.]

 Nor does the beneficiary's right under the Act possess the usual and distinctive attributes and incidents of an asset of the deceased which came to the statutory beneficiary by "inheritance." "Any amount recovered does not become part of the general assets of the estate; it is not subject to the debts of the decedent and not to be distributed under any statute of descents and distributions." District Judge Paul, in In re Butler, D.C., 20 F.Supp. 995, 997. The estate of deceased cannot be held liable for costs awarded to the defendant in an unsuccessful suit under the Act. In re Butler, supra. A permanent administrator may not compel an accounting from the personal representative who has recovered under the Act. Cooper v. Cooper, 30 Ga.App. 710, 119 S.E. 335. The surety on the bond of the personal representative is not liable for the personal representative's misappropriation of money received in settlement of a claim arising under the Act, as such a fund is no part of the decedent's estate but is for the sole benefit of the beneficiaries designated in the Act. Maryland Casualty Co. v. McAlpin, 31 Ga.App. 303, 120 S.E. 644.

In no sense is the case of In re Burnstine, D.C., 131 F. 828, 831, upon which appellant heavily relies, in point here. That case was decided before the passage of the amendment to the Bankruptcy Act, with which we are concerned; there, the death of the son occurred *before* (not as here, after) the adjudication of the father as bankrupt so that there the claim of the father-bankrupt had vested in the bankrupt before the adjudication; there the claim arose under the Michigan Statute of Death by Wrongful Act,

which gave the recovery "to the persons and in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate;" the Burnstine case involved the nature of the bankrupt-beneficiary's right under the Federal Employers' Liability Act as property and there was no question of inheritance.

 In the light of what has been said above, we must agree with the District Judge "that the $1,875 (received by the father-bankrupt) did not constitute a bequest, devise, or inheritance under Section 70 of the Bankruptcy Act." There was here no intestate succession, since the deceased son never had any right to which the bankrupt-father could succeed. We think it would torture and distort the word "inheritance" to make it apply (as appellant here contends) to "something that accrues as a result of a death."

The decision of the District Court is, accordingly, affirmed.