**In the Matter of Dixie Lee HENDRICKS, Debtor.**

**Joe ROSE, Petitioner,**

v.

**James F. DeNEEN, trustee in bankruptcy and Dixie Lee Hendricks, Respondents.**

**Bankruptcy No. 80–02569–SW.**

United States Bankruptcy Court, W. D. Missouri, Southwestern Division.

July 28, 1982.

John A. Sanders, Clinton, Mo., for petitioner.

James F. DeNeen, pro se.

R. Deryl Edwards, Joplin, Mo., James R. Bickel, Nevada, Mo., for Hendricks.

ORDER DENYING THE DEBTOR'S MOTION TO ALTER OR AMEND ORDER OF MARCH 11, 1982, DETERMINING A CERTAIN CAUSE OF ACTION TO BE PROPERTY OF THE ESTATE IN BANKRUPTCY

DENNIS J. STEWART, Bankruptcy Judge.

The issue which is before the court for resolution in the controversy now at bar is

whether the right to commence a wrongful death action pursuant to §§ 537.080 et seq. of the Missouri Revised Statutes accruing to the debtor within 180 days subsequent to commencement of the title 11 proceedings becomes property of the bankruptcy estate. It appears that the only possible statutory basis for inclusion is § 541(a)(5) of the Bankruptcy Code which provides that a bankruptcy estate should include:

"An interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date ... by bequest, devise, or inheritance ..."

Therefore, this court, in its order of March 1, 1982, determining the chose in action to be part of the bankruptcy estate, concerned itself with deciding whether the general statutory scheme of the Missouri statutes on wrongful death actions purported to be statutes on the general subject of inheritance. The predecessor to the current Missouri statute assimilated determination of standing to sue in terms like those of general statutes of descent and distribution and in fact explicitly incorporated by reference the statutes of descent and distribution. See § 537.070 RSMo to the following effect:

"Whenever any person, including any employee of the corporation, individual or individuals herein referred to whose death is caused by the negligence of a coemployee thereof, shall die from any injury resulting or occasioned by the negligence, unskillfulness or criminal intent of any officer, agent, servant or employee, whilst running, conducting or managing any locomotive, car or train of cars, or any street electric or terminal car or train of cars, or of any master, pilot, engineer, agent or employee whilst running, conducting or managing any steamboat, or any of the machinery thereof, or of any driver of any stagecoach, automobile, motorcar or other public conveyance whilst in charge of the same as a driver; and when any passenger shall die from any injury resulting from or occasioned by any defect or insufficiency in any railroad, whether the same be a steam, street, electric or terminal railroad or any part thereof, or in any locomotive, car, streetcar, electric car or terminal car, or in any steamboat, or the machinery thereof, or in any stagecoach, automobile, motorcar, or other public conveyance, the corporation, individual or individuals in whose employ any such officer, agent, servant, employee, master, pilot, engineer or driver shall be at the time such injury is committed, or who owns, operates or conducts any such railroad, locomotive, car, streetcar, electric car, terminal car, automobile, motorcar, stagecoach, or other public conveyance at the time any injury is received resulting from or occasioned by any defect or insufficiency, unskillfulness, negligence or criminal intent above declared, or any such officer, agent, servant, employee, master, pilot, engineer or driver, whose negligence, unskillfulness, or criminal intent shall cause such injury, shall forfeit and pay as a penalty for every such person, employee or passenger so dying, the sum of not less than two thousand dollars and not exceeding ten thousand dollars, in the discretion of the jury, which may be sued for and recovered:

(1) By the husband or wife of the deceased; or

(2) If there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased, whether such minor child or children of the deceased by the natural born or adopted child or children of the deceased; provided, that if adopted, such minor child or children shall have been duly adopted according to the laws of adoption of the state where the person executing the deed of adoption resided at the time of such adoption; or

(3) If such deceased be a minor and unmarried, whether such deceased unmarried minor be a natural born or adopted child, if such deceased unmar-

ried minor shall have been duly adopted according to the laws of adoption of the state where the person executing the deed of adoption resided at the time of such adoption, then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor; or (4) If there be no husband, wife, minor child or minor children, natural born or adopted as herein indicated, or if the deceased be an unmarried minor and there be no father or mother, then in such case suit may be instituted and recovery had by the administrator or executor of the deceased and the amount recovered shall be distributed according to the laws of descent, and such corporation, individual or individuals or such officer, servant, agent, employee, master, pilot, engineer, or driver, may show as a defense that such death was caused by the negligence of the deceased.

"In suits instituted under this section, it shall be competent for the defendant, for his defense, to show that the defect or insufficiency named in this section was not of a negligent defect or insufficiency, and that the injury received was not the result of unskillfulness, negligence or criminal intent. Every person who shall have cause of action for any death through the negligence, unskillfulness, or criminal intent of any servant, under the provisions of this section, may at his option, bring suit thereon jointly against the master and servant, or severally, against either master or servant."

Therefore, this court, making the following observations, concluded that the Missouri statute on wrongful death actions was one of inheritance in its broadest sense:

" . . . it appears that, if the law of Missouri makes the right to prosecute a wrongful death action a right which is gained by 'inheritance,' within the meaning of the foregoing statute, within 180 days of the commencement of the title 11 action, the wrongful death action may be included in the bankruptcy estate. Section 537.070 RSMo specifies the persons who are entitled to sue to recover wrongful death damages according to priorities which appear to coincide with the laws of descent and, if persons within the propinquity in relationship to the deceased, as specified in the statute, are not in existence then it is stated that 'the amount recovered shall be distributed according to the laws of descent.' Further, to inherit, by definition, may include the process of taking or receiving 'as right or title, by law from ancester at his decease' as well as 'to take by descent from ancestor.' Black's Law Dictionary p. 922 (1968). It would therefore appear that the petitioner has a possibly recognizable claim that the cause now pending in the Circuit Court of Vernon County should be regarded as property of the bankruptcy estate and any recovery or settlement fund derived therefrom should therefore become part of the estate in bankruptcy."

Thereafter, the debtor moved to alter or amend the above quoted order on the grounds that the predecessor statute should not have been considered by the court in determining the issue of the general subject matter of the Missouri statutory scheme. The motion to alter or amend was couched in the following language:

"That the Court in its judgment order relied on the rationale of 537.070 RSMo although the said statute has been repealed and replaced with RSMo 537.080 which sets out the requirements for the parties to bring a cause of action for wrongful death.

"That the Court should amend its judgment after considering the provisions of RSMo 537.080 and make its findings based on whether or not RSMo 537.080 wrongful death cause of actions are property of the estate within the purview of 11 U.S.C. 541."

The propriety of considering a predecessor statute in deciding what subject matter it covers, however, is well recognized. Therefore, on March 22, 1982, this court issued its order directing the debtor to show cause why her motion to alter or amend the order

of March 1, 1982, should not be denied, therein stating the following pertinent considerations:

"There is no question that § 537.070 was repealed in 1955 and was succeeded by the current statute governing the question of the proper plaintiffs in a wrongful death action, § 537.080 RSMo. The question, however, which is (and was) before the court for decision is whether the right to sue in a wrongful death action is one which is gained by 'inheritance' within the meaning of § 541(a)(5), *supra*. As noted in the judgment which is now challenged, an 'inheritance' is property which is taken by operation of law from the entire range of rights which would have belonged to a deceased person. Thus, in order to determine whether the right to prosecute the wrongful death action is one gained by the debtor as an inheritance, it was necessary for the court to consider the *subject matter* of the relevant Missouri statute, i.e., whether it is one under which one takes property (including a right to sue) which would have been that of a decedent, if he had not died.

"On the issue of the subject matter of a statute, the courts have long considered it proper to consider the scope of the original statute on the subject, *even if that statute has been repealed*, and, if the current statute is ambiguous, to give the original statute controlling weight on the issue of the scope of the subject matter. With respect to the interpretation and construction of statutes generally it is said that 'the terms of the statute are to be interpreted in the light of its historical background and the courts may avail themselves of such aids as may be afforded by historical facts, or by antecedent or contemporaneous legislative history, or by the *history of the statute*.' 73 Am. Jur.2d *Statutes*, § 150, p. 354 (2d ed. 1974) (Emphasis added). And more particularly, with respect to the situation at bar, '[i]t has even been held that an earlier statute on the same subject *which has expired or been repealed* may be considered in construing an act of doubtful meaning.' Id., § 192, pp. 390–391 (2d ed. 1974) (Emphasis added.) In consequence of this principle, the courts have sometimes deemed the former repealed statute as decisive when called upon to determine the subject matter with which a current statute is supposed to deal or its general purpose. See, e.g., *The Conqueror*, 166 U.S. 110, 17 S.Ct. 510, 513, 41 L.Ed. 937 (1897), in which the Supreme Court, prior to reviewing several expired, rescinded and repealed statutes, stated as a general principle that "the decisive objection to the taxability of vessels *as imports* is found in the fact that, from the foundation of the government, vessels have been treated as *sui generis*, and subject to *an entirely different set of laws* and regulations from those applied to imported articles.' (Emphasis added.) See also *United States v. Lacher*, 134 U.S. 624, 10 S.Ct. 625, 627, 33 L.Ed. 1080 (1890). And in an appropriate case, it has been concluded that 'the former legislation ... controlled the terms' of the current statute, insofar as subject matter is concerned. *St. Louis, I. M. & S. Ry. Co. v. United States*, 251 U.S. 193 [198,] 40 S.Ct. 120, 122 [64 L.Ed. 225] (1920). Therefore, even assuming that the current statute might be ambiguous as to subject matter, it appeared that the provisions of § 537.-070 R.S.Mo. were not ambiguous and were therefore, in any case, determinative of the subject matter. Thus, when the court, in composing the challenged judgment, demonstrated that its effect was to grant to certain persons the right to sue which would have otherwise belonged to the decedent, had he not died, and that, in making such grants, it specifically incorporated a reference to the law of descent in distribution, it seemed that it was proper to conclude that the original statute was one dealing with 'inheritance,' as that now has been defined under the bankruptcy laws. Thus, when the progenitor statute was unequivocally one dealing with the subject matter of 'inheritance,' it appeared that, under the foregoing principles, that controlled the issue

of the subject matter of that statute and its successors. It appeared to be surplusage and redundant to go further."

The debtor nevertheless now rejoins that (1) the successor statute contains changes from the predecessor statute which are significant and which tend to reject any prior legislative intent that the statute is one of inheritance; (2) that Missouri case decisions explicitly hold that the successor statute is not one of "survival"; (3) and that she nevertheless agrees with this court's above assertion that predecessor statutes may be determinative of the scope of the subject matter therein intended to be treated by the legislature and that, accordingly, § 541 should be held, like its predecessor statute, § 70 of the former Bankruptcy Act, not to include wrongful death actions.[1]

The first contention thus raised by the debtor does not and cannot point to any conclusive alteration of the Missouri wrongful death statute from one which generally deals with inheritance in the broad sense in which the term must be here employed. As the court has previously noted, the Missouri statute still purports to make disposition of a right to sue which would have belonged to the decedent had he not died; still does so by generally setting up a scheme of descent of the right to sue to certain descendants of the decedent; and still makes explicit reference to the "descendants" of the decedent. The fact that the reference to the laws of descent and distribution is less complete than it was under the predecessor statute cannot be utilized to destroy the conclusion that the statute is no longer one of inheritance. See § 537.080 to the following effect:

"Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance within, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for

(1) By the spouse or children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;

(2) If there be no persons in class (1) entitled to bring the action, then by the brother or sister of the deceased, or their descendants, who can establish his or her right to those damages set out in section 537.090 because of the death;

(3) If there be no person in class (1) or (2) entitled to bring the action, then by a plaintiff ad litem. Such plaintiff ad litem shall be appointed by the court having jurisdiction over the action for damages provided in this section upon application of some person entitled to share in the proceeds of such action. Such plaintiff ad litem shall be some suitable person competent to prosecute such action and whose appointment is requested on behalf of those persons entitled to share in the proceeds of such action. Such court may, in its discre-

---

1. It is pointed out by the debtor in her response filed April 5, 1982, that the plaintiffs statutorily created by new § 537.080 RSMo "do not coincide with Missouri laws of descent and distribution as found in § 474.010 RSMo"; that, "in addition, 537.080 has deleted the language of former § 537.070 that stated 'the amount recovered shall be distributed according to the laws of descent' "; that "Missouri law is clear (to the effect) that the statute creates a new cause of action where none existed at common law, and did not revive a cause of action theretofore belonging to the deceased"; that "the cause of action for wrongful death is not one that is a transmitted nor a survival right"; and that "Debtor-Respondent fully concurs with the Court's research as found on page 4 of its show cause order filed March 22, 1982 (as to the effect of the predecessor statute), but would respectfully submit that the question of ambiguity in interpretation based upon a previous statute is more pertinent to the interpretation of § 541(a)(5) of the Bankruptcy Law rather than § 537.080 RSMo. In this regard, attention is directed to former § 70a(5) for the proposition that the historical background regarding the scope of the subject matter of the bankruptcy law explicitly excludes wrongful death actions from the bankruptcy estate. Thus, the ambiguity in § 541(a)(5) as to whether a wrongful death action is an 'inheritance' is controlled by a review of the former bankruptcy act on the subject. In that instance a wrongful death action should be excluded."

tion, require that such plaintiff ad litem give bond for the faithful performance of his duties: Provided further only that one action may be brought under this section against any one defendant for the death of any one person."

The debtor argues, however, that Missouri judicial decisions expressly hold that the wrongful death statute is not one of "survival". But neither does this at all negate the character of the statute as one of inheritance, for "survival" and "inheritance" are two different things and are ordinarily regarded as mutually exclusive.[2]

Finally, the debtor, as noted above, reminds the court that it should be guided by the predecessor of § 541 of the Bankruptcy Code in determining § 541's meaning and compass. Her assertion in this regard is supported by the legislative history of § 541. See House Report No. 95–595, p. 367, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6323, to the effect that "[t]he scope of [§ 541] is broad. It includes all kinds of property, including tangible or intangible property, causes of action ... *and all other forms of property ... specified in § 70 of the Bankruptcy Act ...* as well as property recovered by the trustee under § 542 ..." (Emphasis added.). To the same effect, see S.2266, Cal. No. 1026, p. 82. And, under the predecessor statute, § 70 of the former Bankruptcy Act, although wrongful death actions were generally excluded, they were to be included in the estate if in fact they constituted "inheritances," i.e., if the governing state statute "[a]ssimilated the amount recovered to other personalty coming to the personal representative [of the descendants of a deceased]." 4A Collier on Bankruptcy ¶ 70.27, p. 376, n.9 (1976). In the leading case decided under the former statute, *Friedman v. McHugh*, 168 F.2d 350, 352 (1st Cir. 1948), it was held that a wrongful death action brought under the Federal Employees' Liability Act was not an "inheritance" within

the meaning of former § 70a, primarily because the right of action was not "a continuance of any right of action which the injured person would have had but for his death ... but gives to the representative a totally new right of action, on different principles." The rule of *Friedman v. McHugh, supra,* is thus totally in this respect wholly distinguishable from the expressed intent of the Missouri statute, which predicates the action on the right of the decedent to sue had he lived.[3] Despite other dissimilarities of the Missouri statute to statutes of inheritance, this very fundamental similarity sufficiently "assimilates" it to a statute of inheritance, particularly when the Missouri statute also provides that a purpose of the suit is to recover damages which the decedent might have recovered had he lived.[4] *Friedman v. McHugh, supra,* confirms that, for the purposes of the bankruptcy statute, "inheritance" is to be given "a broader meaning and to include personalty within its denotation." 168 F.2d at 352. It is difficult to imagine how the debtor's right under the Missouri statute to recover the decedent's damages could not be regarded as an "inheritance" within this broad meaning.

The court is mindful that some elements of recovery authorized by the Missouri wrongful death statute are to redress the beneficiary's injury or losses. See § 537.-090 RSMo. From the contents of the petition which was filed to commence this inquiry, it is not suggested that any of these types of damages are sought to be recovered in the state court action. Nor is any such suggestion made in the briefs and documents filed by the debtor. Therefore, this court, in making its ruling, has operated on the well-founded assumption that the state court action seeks only the damages which the decedent might have sought had he lived. If the damages of others are sought, of course, to that extent only the recovery will not belong to the bankruptcy estate. *Friedman v. McHugh, supra.*

---

**2.** "Survival" is exclusive of "inheritance," ordinarily, and rules out any need for resort to the laws of descent and distribution.

**3.** See page 576 of this memorandum, *supra.*

**4.** See § 537.090 RSMo.

In accordance with the foregoing considerations, it is hereby

ORDERED that the debtor's motion to alter or amend the order of March 1, 1982, be, and it is hereby, denied.

