In re David SUROWITZ and Rochelle
Surowitz, Debtors.

Stuart A. GOLD, Trustee, Plaintiff,

v.

David SUROWITZ and Rochelle
Surowitz, Defendants.

Appeal No. 88–72745.
Bankruptcy No. 87–09065.
A.P. No. 88–0166.

United States District Court,
E.D. Michigan, S.D.

Dec. 28, 1988.

Kenneth Schneider, Detroit, Mich., for plaintiff.

Stuart Gold, Southfield, Mich., for defendants.

## DECISION AND ORDER ON APPEAL

COHN, District Judge.

### I.

This is a bankruptcy appeal. On June 8, 1988, the Bankruptcy Court granted summary judgment in favor of a Chapter 7 trustee in an adversary action on his claim that the bankrupts' interest in a wrongful death action is an asset of the bankrupts' estate. The wrongful death action arises out of the death of the bankrupts' daughter in an aircraft accident 179 days after the filing of the petition for relief. The bankruptcy judge ruled that the bankrupts' right to bring a wrongful death action was an "inheritance" which, under 11 U.S.C. sec. 541(a)(5)(A),[1] was an asset of the bankruptcy estate. For the reasons which fol-

---

1. 11 U.S.C. sec. 541(a)(5)(A) provides that a bankruptcy estate shall include:
    (5) Any interest in property that would have been the property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—
    (A) by bequest, devise, or inheritance. . . .

low, the Court disagrees with the Bankruptcy Court and will reverse its decision. The case must be remanded pending a determination of the portion of the wrongful death award, if any, payable to the estate of the decedent and thus attributable to the bankruptcy estate through the laws of descent and distribution.[2]

## II.

■ The question of what constitutes an inheritance under 11 U.S.C. sec. 541(a)(5)(A) is answered by state law.[3] *Thornton v. Scarborough*, 348 F.2d 17, 20 (5th Cir. 1965). Michigan's wrongful death act, Mich.Comp.Laws secs. 600.2921–600.2922, "create[s] a cause of action unknown at common law … a new and special remedy accruing to those who suffer loss by the death." *Coury v. General Motors Corp.*, 376 Mich. 248, 251, 137 N.W.2d 134 (1965), *quoting Ford v. Maney's Estate*, 251 Mich. 461, 232 N.W. 393 (1930). *Ballard v. Southwest Detroit Hospital*, 119 Mich. App. 814, 327 N.W.2d 370 (1982), is not to the contrary, even though it states "the action brought by the personal representative is a derivative one, and the representative in effect stands in the shoes of the decedent." *Id.* at 818. This phrase reflects only that the statutory right to recovery for wrongful death imposes liability where "the wrongful act, neglect, or default [would] have entitled the party injured to maintain an action." Mich.Comp. Laws sec. 600.2922(1).

■ Michigan's wrongful death act authorizes the recovery of damages arising from wrongful death for two distinct sets of entities: the decedent's estate and the decedent's survivors. While the survivors will often be the parties who ultimately inherit decedent's estate, the two awards are separate and are intended to compensate victims for different injuries. The estate of the decedent is entitled to compensation for

> reasonable medical, hospital, funeral, and burial expenses for which the estate is liable [and] reasonable compensation for pain and suffering, while conscious, undergone by the deceased person during the period intervening between the time of injury and death.

Mich.Comp.Laws sec. 600.2922. Compensation for these injuries inures to the estate alone. Any excess recovery after the debts of the estate are discharged flows to the decedent's heirs through the laws of descent and distribution.

On the other hand, the wrongful death act provides for direct compensation for damages sustained by the decedent's survivors. These include "damages for the loss of financial support and the loss of society and companionship of the deceased." Mich.Comp.Laws sec. 600.2922. This recovery does not flow through the estate of the decedent but rather is directly awarded to the survivors for their own losses sustained as a result of decedent's death.

The Bankruptcy Court erred in analyzing the potential wrongful death award in a unitary manner. The Michigan wrongful death act suggests that only the portion of the wrongful death award which accrues exclusively to decedent's estate can be considered an "inheritance" under section 541(a)(5)(A). The portion of the award designed to compensate the bankrupts' for their loss of financial support or society arising from their daughter's death could not be considered an "inheritance" under 541(a)(5)(A). Rather, that award must be considered as an ordinary tort recovery,

---

**2.** Since neither party has suggested otherwise, the Court will assume that decedent died intestate.

**3.** The background of this section is discussed in Note, *Damages for Wrongful Death Do Not Vest By Inheritance Within Six Months After Bankruptcy*, 49 Colum.L.Rev. 270 (1949); Note, *Proceeds of Judgment or Settlement Under Terms of Federal Employers Liability Act Not an "Inheritance" Applicable to the Payment of the Debts of the Decedent's Beneficiary*, 35 Va.L.Rev. 112 (1949). These notes analyzed *Friedman v. McHugh*, 168 F.2d 350 (1st Cir.1948), which held that the proceeds of the settlement of a suit brought under the Federal Employers' Liability Act, 45 U.S.C. sec. 51 *et seq.*, paid to a bankrupt father on account his son's death did not constitute an "inheritance" under the Act.

not reachable under the statute.[4]

### III.

It is thus necessary to remand this case to the Bankruptcy Court pending a determination of the apportionment of the wrongful death award by the appropriate factfinder.[5] Such a remand is necessary to determine whether there will be any recovery for decedent's conscious pain and suffering during the time between injury and death. Any such recovery is subject to the authority of the trustee in bankruptcy. Similarly, any excess recovery for funeral or burial expenses remaining after the debts of the estate are paid also falls under the authority of the trustee. On the other hand, any recovery by the bankrupts for loss of financial support or society of the deceased will not be subject to the authority of the trustee.

### IV.

The order of the Bankruptcy Court is REVERSED and the case REMANDED

for further proceedings consistent with this opinion.

SO ORDERED.

---

**4.** The decision of *In re Hendricks*, 22 B.R. 572 (W.D.Mo.1982), is not to the contrary. *Hendricks* held that a cause of action arising under the Missouri wrongful death act was the property of the estate in bankruptcy. The court did concede, however, that "some elements of recovery authorized by the Missouri wrongful death act are to redress the beneficiary's injury or losses" and implied that in an appropriate case, such proceeds would flow to the debtor. *Id.* at 577.

The Court is constrained to observe that *Hendricks* was poorly reasoned. The *Hendricks* court ignored two relevant Missouri decisions, *Jordan v. St. Joseph Ry., Light, Heat, & Power Co.*, 335 Mo. 319, 73 S.W.2d 205 (1934) and *Nanney v. I.H. Shell & Son*, 138 S.W.2d 717 (Mo.App.1940), which held that the Missouri wrongful death statute created an entirely new cause of action, and is thus not a continuation of decedent's right of action.

**5.** Michigan's wrongful death act expressly provides a procedure by which the factfinder shall determine the proper apportionment of damages.

> After a hearing by the court, the court shall order payment from the proceeds of the reasonable medical, hospital, funeral, and burial expenses of the decedent for which the estate is liable. The proceeds shall not be applied to

the payment of any other charges against the estate of the decedent. The court shall then enter an order distributing the proceeds to those persons designated in subsection (3) who suffered damages and to the estate of the deceased for compensation for conscious pain and suffering, if any, in the amount as the court or jury considers fair and equitable considering the damages sustained by each of the persons and the estate of the deceased. If there is a special verdict by a jury in the wrongful death action, damages shall be distributed as provided in the special verdict.

Mich.Comp.Laws sec. 600.2922(6)(d).

If the personal representative enters into a voluntary settlement with the defendant in a wrongful death action, apportionment of the proceeds is effectuated by means of a special hearing as provided in the Michigan Probate Code. *See* Mich.Comp.Laws sec. 600.2922(9). The Probate Code provides in relevant part

> After a hearing on the petition of the personal representative, the court shall enter an order distributing the proceeds only to those persons specifically designated in [the Wrongful Death Act], as entitled to recover the proceeds and in such amounts as the court deems fair and equitable considering the relative damages sustained by each of the persons by reason of the decedent's wrongful death....

Mich.Comp.Laws sec. 700.222(d).