MAIURI *v.* SINACOLA CONSTRUCTION COMPANY.

1. DEATH—ACTION BY PERSONAL REPRESENTATIVE—PARTIES—PARENTS.

A wrongful death action must be brought in the name of the personal representative of deceased; hence, where the parents of a deceased attempt to bring a wrongful death action in their individual capacities and not as representatives of deceased's estate, the action must fail because plaintiffs are improper parties (CLS 1961, § 600.2922).

2. WORKMEN'S COMPENSATION — EXCLUSIVE REMEDY — WRONGFUL DEATH — PERSONAL REPRESENTATIVE.

The exclusive remedy of an employee who suffers injuries arising out of and in the course of employment is a claim against the employer for compensation under the workmen's compensation act, and if the employee dies from such injuries, his personal representative cannot maintain an action under the wrongful death act because that act permits recovery by the personal representative only where the party injured could have maintained an action and recovered damages had death not ensued (CL 1948, § 411.4; CLS 1961, § 600.2922).

3. DEATH—ACTION.

The legislature has directed that actions for injuries resulting in death shall be brought under the wrongful death act (CLS 1961, §§ 600.2921, 600.2922).

4. SAME—REQUISITE TO MAINTAIN ACTION.

A successful action under the wrongful death act necessarily shows that decedent, if death had not ensued, could have maintained an action and recovered damages for his injuries (CLS 1961, § 600.2922[1]).

REFERENCES FOR POINTS IN HEADNOTES

[1, 5]  22 Am Jur 2d, Death § 194 *et seq.*
[2, 3, 5]  58 Am Jur, Workmen's Compensation §§ 48–51.
[3–5]  22 Am Jur 2d, Death § 23.

5. Same—Workmen's Compensation—Exclusive Remedy—Personal Representative—Accelerated Judgment.

    Accelerated judgment is properly granted defendant construction company in a wrongful death action brought by parents of an employee who was killed in the course of employment, where plaintiffs did not bring the action as personal representatives of deceased and failed to show that deceased could have maintained an action for injuries, other than the exclusive remedy provided by the workmen's compensation act, if death had not ensued (CL 1948, § 411.4; CLS 1961, § 600.2922).

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and Fitzgerald and McGregor, JJ., affirming Wayne, Kaufman (Nathan J.), J. Submitted May 7, 1969. (Calendar No. 17, Docket No. 52,104). Decided September 3, 1969.

12 Mich App 22, affirmed.

Complaint by Pasquale Maiuri and Amelia Maiuri against Sinacola Construction Company, a Michigan Corporation, for wrongful death of plaintiffs' son. Defendant's motion for accelerated judgment of dismissal granted. Plaintiffs appealed to the Court of Appeals. Affirmed. Plaintiffs appeal. Affirmed.

*Metry, Metry, Sanom, Ashare & Goldman,* for plaintiffs.

*Robert E. Fox,* for defendant.

Per Curiam. On July 30, 1964, Albert D. Maiuri, the 24-year-old unmarried son of plaintiffs, while working for defendant, Sinacola Construction Company, in a 27-foot deep trench, died from injuries sustained when a chunk of earth fell and crushed his skull. At the time of death, Sinacola was subject to the provisions of the Michigan workmen's compen-

sation act. Plaintiffs, his parents, did not qualify as dependents within the meaning of that act.

Plaintiffs made application for hearing and adjustment of claim with the workmen's compensation department. They received a $500 statutory burial allowance. Eventually their application was dismissed at the request of plaintiffs' counsel.

On July 29, 1966, plaintiffs commenced this action under the wrongful death act for the death of their son, the loss of companionship and services. Accelerated judgment of no cause for action was entered on October 17, 1966. The trial court was affirmed on June 25, 1968 by the Court of Appeals, 12 Mich App 22. We granted leave to appeal on August 20, 1968. 381 Mich 772.

We affirm the trial court and the Court of Appeals.

1. What was formerly the wrongful death act is now incorporated into the revised judicature act (CLS 1961, 600.2922, as amended; Stat Ann 1969 Cum Supp § 27A.2922), and in part provides:

"(2) Every such action *shall* be brought by, and in the names of, the personal representatives of such deceased person." (Emphasis added.)

This action was brought by Pasquale Maiuri and Amelia Maiuri, husband and wife, parents of the deceased, in their individual capacities, not as representatives of their son's estate. The language of the statute is mandatory. The plaintiffs' action must fail bceause they are improper parties. *Burns* v. *Van Laan* (1962), 367 Mich 485.

2. Even if this action has been brought by the personal representative of the deceased's estate, under the facts of this case, the action could not be maintained. It is undisputed that Albert D. Maiuri at the time of his death was an employee of Sinacola Construction Company and that he died as the result of an injury arising out of and in the course of his

employment. If death had not ensued, his only claim would have been against the defendant for compensation under the workmen's compensation act. For a discussion, see *Jordan* v. *C. A. Roberts Company* (1967), 379 Mich 235, on rehearing (1968), 381 Mich 91. "Where the conditions of liability under this act exist, the right to the recovery of compensation benefits, as herein provided, shall be the exclusive remedy against the employer." CL 1948, § 411.4 (Stat Ann 1968 Rev § 17.144).

The wrongful death act, as it appears in RJA, in part provides:

"Sec. 2922. (1) Whenever the death of a person or injuries resulting in death shall be caused by wrongful act, neglect or default, and *the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages,* in respect thereof, then and in every such case, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony. All actions for such death, or injuries resulting in death, shall be brought only under this section." (Emphasis added.)

The present wrongful death act is an amalgamation of the remedies previously existing under the wrongful death and survival acts.[1] It came about due to difficulties which had arisen under the previous acts as to the remedy if death resulted but was

---

[1] The survival act now appears as section 2921 of the revised judicature act (CLS 1961, § 600.2921 [Stat Ann 1962 Rev § 27A-.2921]). It provides in part:

"Actions on claims for injuries which result in death shall not be prosecuted after the death of the injured person except pursuant to the next section." [Wrongful death section.] Bracketed material added.

not known to have been instantaneous.[2] Where the injuries result in death, survival and wrongful death actions now, by direction of the legislature, are to be brought under the wrongful death act. As a condition to a successful action under the wrongful death act, it must be shown that the decedent, if death had not ensued, could have maintained an action and recovered damages for his injuries (RJA § 2922[1]). This is true even though the wrongful death act creates a new cause of action permitting recovery for the benefit of certain persons who had sustained pecuniary injury as a result of the decedent's death. The language of the statute requiring that the decedent must have been able to maintain the action, "if death had not ensued," has remained in the act throughout its legislative history.[3]

In *Lincoln v. Detroit & M. R. Co.* (1914), 179 Mich 189, Justice Stone undertook to explain the meaning of the clause, "if death had not ensued." In that case he wrote (p 196):

---

[2] In *Jorgensen* v. *Grand Rapids & Indiana Ry. Co.* (1915), 189 Mich 537, 541, this Court in summary of the law and practice of this State commented that the death act was applicable only to cases of instantaneous death; where death was not instantaneous the action should be brought under the survival act; but both rights of action, for the same injury, cannot exist at the same time.

See, also, *Sweetland* v. *Chicago & Grand Trunk R. Co.* (1898), 117 Mich 329; *Dolson* v. *Lake Shore & M. S. R. Co.* (1901), 128 Mich 444; *Jones* v. *McMillan* (1901), 129 Mich 86.

[3] The Michigan wrongful death act was first enacted in 1848. Laws of Michigan, 1848. No 38. It was similar to "Lord Campbell's act" which had been adopted in England in 1846. The wording of the original Michigan act is set forth in full in *Lincoln* v. *Detroit & M. R. Co.* (1914), 179 Mich 189, at 198, 199, and it will be seen that the above-quoted phrase appears in section 1. This section was amended by PA 1939, No 297, but the pertinent language remained unchanged and was incorporated into the Compiled Laws of 1948 in § 691.581 (Stat Ann 1959 Cum Supp § 27.711) which section was repealed by the revised judicature act, PA 1961, No 236, § 9901 (CLS 1961, § 600.9901, Stat Ann 1962 Rev § 27A-.9901).

"The language of our statute (CL 1897, § 10427) is that liability of the wrongdoer exists where the deceased could have recovered, if death had not ensued."

See, also, Justice STONE's quotation from Cooley on Torts, at pp 197, 198.

In the case of *Mehegan* v. *Boyne City, G. & A. R. Co.* (1913), 178 Mich 694, an action for wrongful death was brought by the plaintiff, as administratrix of the estate of James E. Mehegan, deceased. The defendant owned and operated a railroad upon which the deceased met his death. The deceased, an employee of another corporation, and his wife, had executed a release of liability to the defendant for any injury he might sustain while riding upon a motor car of his employer operated over defendant's rails. This Court found the contract and release to be valid. The opinion states:

"The language of the statute suggests very clearly that if the husband would not have a cause of action had he survived the injuries his widow and child would not have one."

Since the cause of action of a proper plaintiff under the wrongful death act is a derivative one in that the personal representative of the deceased stands in his shoes and is required to show that the deceased could have maintained the action if death had not ensued, and since, in this case, the decedent would have been barred from an action for injuries resulting in death because of the exclusive remedy provisions of the workmen's compensation act, the trial court did not err in granting an accelerated judgment for the defendant. The trial court and the Court of Appeals are affirmed, with costs to defendant-appellee.

T. E. BRENNAN, C. J., and DETHMERS, KELLY, T. M. KAVANAGH, ADAMS, and T. G. KAVANAGH, JJ., concurred.

BLACK, J., concurred in the result.