BALLARD v SOUTHWEST DETROIT HOSPITAL

Docket No. 60230. Submitted June 21, 1982, at Detroit.—Decided September 23, 1982. Leave to appeal applied for.

Alberta Ballard executed a medical malpractice arbitration agreement after receiving treatment in the emergency room of the Southwest Detroit Hospital. Mrs. Ballard later died in the hospital. James Ballard was appointed personal representative of Mrs. Ballard's estate. The arbitration agreement was never revoked. Thereafter, James Ballard, individually and as personal representative of the estate of Alberta Ballard, deceased, filed suit in Wayne Circuit Court for wrongful death against the hospital, Elias L. Dickson, M.D., Walter O. Evans, M.D., Jesse C. Tolbert, individually, and Jesse C. Tolbert, M.D., P.C. The defendant hospital moved for accelerated judgment seeking to enforce the arbitration agreement. The court, Thomas Roumell, J., denied the defendant's motion, ruling that the plaintiff, as the personal representative under the wrongful death statute, was not bound by the decedent's agreement to arbitrate. The court declined to rule on the plaintiff's claim that the medical malpractice arbitration act was unconstitutional. The defendant hospital appeals by leave granted. *Held:*

The trial court erred in the reason for its ruling because although the wrongful death act provides for additional damages benefitting the decedent's next of kin for loss of society and companionship, it *does not create a separate cause of action* independent of the underlying rights of the decedent. Rather, the cause of action is expressly made derivative of the decedent's rights. However, the trial court did not err in denying an accelerated judgment to the defendant hospital. Arbitration agreements executed pursuant to the medical malpractice arbitration act should not be enforced because they deprive the plaintiff of a hearing before a fair and impartial

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 376.
   Arbitration of medical malpractice claims. 84 ALR3d 375.
[2] 31 Am Jur 2d, Executors and Administrators § 164.
[3, 4] 22 Am Jur 2d, Death § 13.
[5] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 374.

tribunal and because the circumstances under which such agreements are executed render them inherently unconscionable.

Affirmed.

CYNAR, J., concurred in the result.

1. ARBITRATION — MEDICAL MALPRACTICE ARBITRATION ACT.

The Michigan medical malpractice arbitration act is applicable to the arbitration of a dispute, controversy, or issue arising out of or resulting from injury to, or the death of a person caused by the negligence of a health care provider; the act appears to anticipate that arbitration agreements will remain in effect after a patient's death and will bind the estate's personal representative (MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.*).

2. CONTRACTS — DECEASED PARTIES.

Generally, a contract otherwise valid is binding upon a deceased party's personal representative.

3. DEATH — WRONGFUL DEATH ACT.

The wrongful death act establishes a cause of action where the defendant's negligence or wrongful act would have entitled the injured party to maintain an action and recover damages if death had not ensued; therefore, the action brought by the personal representative is a derivative one and the representative, in effect, stands in the shoes of the decedent (MCL 600.2922; MSA 27A.2922).

4. DEATH — WRONGFUL DEATH ACT.

The wrongful death act does not create a separate cause of action for the decedent's next of kin independent of the underlying rights of the decedent; rather, the cause of action is expressly made derivative of the decedent's rights although the act provides for additional damages benefitting the decedent's next of kin for loss of society and companionship (MCL 600.2922; MSA 27A.2922).

5. ARBITRATION — MEDICAL MALPRACTICE ARBITRATION ACT.

Agreements to arbitrate as provided by the medical malpractice arbitration act should not be enforced where they provide that the arbitration panel must employ either a doctor or hospital administrator among its members because that deprives a plaintiff of a hearing before a fair and impartial tribunal and because the circumstances under which such agreements are executed render them inherently unconscionable (MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.*).

*Krandle, Thompson & Mier, P.C.* (by *Carl V. Creighton*), for plaintiff.

*Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C.* (by *Mark C. Kurdys* and *Donald A. Ducastel*), for defendant.

Before: CYNAR, P.J., and N. J. KAUFMAN and P. R. MAHINSKE,* JJ.

PER CURIAM. Defendant Southwest Detroit Hospital appeals by leave granted the trial court's orders denying its motion for accelerated judgment and subsequent motion for a rehearing.

Plaintiff's decedent, Alberta Ballard, executed a medical malpractice arbitration agreement on October 17, 1978, after receiving treatment in the emergency room of defendant hospital. Mrs. Ballard died in the hospital on November 5, 1978, and plaintiff was appointed personal representative of her estate on February 27, 1980. The arbitration agreement was never revoked. On July 18, 1980, plaintiff filed the instant wrongful death action, alleging acts of malpractice. Defendant responded with a motion for accelerated judgment seeking to enforce the arbitration agreement. The trial court denied defendant's motion, reasoning that plaintiff, as personal representative under the wrongful death statute, was not bound by the decedent's agreement to arbitrate. Although plaintiff also argued that the arbitration statute was unconstitutional, the court expressly declined to rule on that issue.

This appeal involves consideration of both the medical malpractice arbitration act, MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.,* and the wrongful death act, MCL 600.2922; MSA 27A.2922. Section

---

* Circuit judge, sitting on the Court of Appeals by assignment.

5040(1) of the arbitration statute[1] provides that the act is "applicable to the arbitration of a dispute, controversy, or issue arising out of or resulting from injury to, *or the death of,* a person * * *" caused by the negligence of a health care provider. (Emphasis added.) Thus, the arbitration act appears to anticipate that arbitration agreements will remain in effect after a patient's death and will bind the estate's personal representative.[2] Moreover, here, the arbitration agreement executed provided that it was "binding on [the deceased] and all [her] agents, representatives and heirs and assigns". As a general rule, a contract otherwise valid is binding upon a deceased party's personal representative. *In re Traub Estate,* 354 Mich 263, 279; 92 NW2d 480 (1958).

The trial court reasoned, however, that a wrongful death action involves rights of the personal representative separate from those of the decedent, which, it reasoned, could not be altered by the decedent's agreement to arbitrate. Indeed, pursuant to the wrongful death act, the personal representative may also recover as damages compensation for the loss of society and companionship of the deceased. MCL 600.2922(2); MSA 27A.2922(2). Nevertheless, the allowance of the additional damages does not justify the conclusion that a personal representative should be free from the terms of the decedent's arbitration agreement. By its language, the wrongful death act establishes a cause of action where the defendant's negligence or wrongful act would "if death had not ensued, have entitled the party injured to maintain an

---

[1] MCL 600.5040(1); MSA 27A.5040(1).

[2] See, also, MCL 600.5042(3); MSA 27A.5042(3), providing the representative with the authority to revoke the agreement in a timely manner. *Cf. Boiko v Henry Ford Hospital,* 110 Mich App 514; 313 NW2d 344 (1981).

action and recover damages". MCL 600.2922(1); MSA 27A.2922(1). Therefore, the action brought by the personal representative is a derivative one, and the representative in effect stands in the shoes of the decedent. *E.g., Toth v Goree,* 65 Mich App 296, 298; 237 NW2d 297 (1975). Any substantive impediment that would have prevented the decedent from commencing suit will likewise preclude suit by the personal representative. For example, where the decedent's death is the result of an injury arising out of the course of his employment, the estate is bound, as the decedent would have been, to the exclusive remedy provision[3] of the workers' compensation act, and the personal representative will be prevented from maintaining a separate wrongful death action. *Maiuri v Sinacola Construction Co,* 382 Mich 391, 393-395; 170 NW2d 27 (1969).

The trial court erred in relying upon *Rhodes v California Hospital Medical Center,* 76 Cal App 3d 606; 143 Cal Rptr 59 (1978), to support the conclusion that the decedent could not waive the personal representative's right to trial. In *Rhodes,* the cause of action was brought under the California wrongful death statute, which provides for an independent cause of action in favor of the personal representative and heirs of the decedent. Cal Civ Pro Code, § 377 (West). As noted above, although the Michigan wrongful death act provides for additional damages benefitting the decedent's next of kin for loss of society and companionship, it does not create a separate cause of action independent of the underlying rights of the decedent. Rather, the cause of action is expressly made derivative of the decedent's rights. *Maiuri v Sinacola Construction Co, supra.* Therefore, in the

---

[3] MCL 418.131; MSA 17.237(131).

instant case, the personal representative is bound by the arbitration agreement to the same extent the decedent would have been bound had she survived.

Although we conclude that the trial court's reasoning was incorrect, we nevertheless agree that accelerated judgment based upon the arbitration agreement was inappropriate. We affirm the court's denial of defendant's motion since we are convinced that the arbitration agreement is unenforceable—either for depriving plaintiff of a hearing before a fair and impartial tribunal, *Murray v Wilner,* 118 Mich App 352; 325 NW2d 422 (1982), or because the circumstances under which such agreements are executed render them inherently unconscionable. *Gale v Providence Hospital,* 118 Mich App 405; 325 NW2d 439 (1982). We realize that the trial court declined to rule on plaintiff's additional challenges to the enforcement of the arbitration agreement. Still, it is obvious that those challenges would otherwise be reconsidered upon remand and, regardless of the trial court's ruling, then placed once again before this Court. Despite our general disinclination to consider matters that have not been duly acted upon by a trial court, such a remand in the instant case would be a futile gesture and one wasteful of judicial time and the effort and expense of the parties. Consequently, we hold that the medical malpractice agreement executed by the decedent is unenforceable for the reasons set forth in *Murray v Wilner, supra,* and *Gale v Providence Hospital, supra.*

Affirmed.

CYNAR, P.J., concurs in the result on the basis of *Gale v Providence Hospital,* 118 Mich App 405; 325 NW2d 439 (1982).