**PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey corporation, Petitioner,**

v.

**Maher (Matt) SHAMMAS and Deborah Shammas, Respondents.**

No. 1:93:CV:395.

United States District Court, W.D. Michigan.

Sept. 14, 1993.

Thomas G. Kienbaum, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, MI, John M. Lichtenberg, Dickinson, Wright, Moon, Van Dusen & Freeman, Grand Rapids, MI, for petitioner.

James B. Flickinger, Flickinger & Associates, P.C., Grand Rapids, MI, for respondents.

## OPINION

ENSLEN, District Judge.

This matter comes before the Court on Prudential Insurance Company's petition for an order compelling Matt and Deborah Shammas, respondents, to arbitrate the claims they are asserting in a civil suit filed in the Michigan Circuit Court in Kent County case no. 93–81147–NZ. Jurisdiction in this Court is based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332. This Court is authorized to compel arbitration when appropriate, pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16.

### FACTS

The parties filed a stipulation of facts on August 26, 1993, for the purpose of presenting this matter for decision. Only a brief review of the underlying facts is necessary here.

Mr. Shammas, respondent, was hired by Prudential, petitioner, in 1989 as a sales agent. Later, he was promoted to sales manager. As part of his employment, Mr. Shammas executed a Uniform Application for Securities Industry Registration Form U–4 on July 6, 1989, in order to register with the National Association of Securities Dealers (NASD), of which Prudential is a member. The single registration was for both Prudential and Prudential/Pruco Securities Corporation (Prusec). The entire stock of Prusec is owned by Pruco, Inc., which is itself a wholly-owned subsidiary of Prudential.

Earlier this year, respondents filed a complaint in Michigan Circuit Court against Prudential and also against Edward Dublis and Michael Emery. The latter two defendants, who are not parties to the petition, were both district managers for Prudential, with Mr. Emery succeeding Mr. Dublis in mid–1992.

According to the complaint, Mr. Shammas is a naturalized American citizen of Lebanese origin and has a noticeable, somewhat British, accent. Mr. Shammas contends that he was subjected to employment discrimination on the basis of national origin, religion, race, and sex, as well as illegal retaliation for complaining about the alleged discrimination. All of these claims were under Michigan's Elliott–Larsen Civil Rights Act, Mich.Comp. Laws Ann. § 37.2101–2804.

Also, Mr. Shammas alleges intentional infliction of emotional distress and constructive discharge. Deborah Shammas, his wife, claims that the alleged conduct caused a loss of consortium. Respondents acknowledge that her claim is entirely derivative of his claims.

### DISCUSSION

Section 4 of the Federal Arbitration Act (FAA) states as follows:

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action ... of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement....

9 U.S.C. § 4.

The parties agree that this Court would have had jurisdiction over the subject matter of the claims in the underlying complaint, in that they are citizens of different states and that the amount in controversy exceeds $50,000.

Respondent acknowledges executing Registration Form U–4 as part of the initial employment process with Prudential. Paragraph 5 of this form stated the following:

I agree to arbitrate any dispute, claim or controversy that may arise between me

and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the [NASD].

■ The task before this Court is to decide whether the claims against Prudential and the two district managers are to be arbitrated because of this paragraph.

## Application of Arbitration Clause

Respondents argue that because Prudential is not named as "Firm" on the Form U–4, the arbitration clause is not applicable to disputes with Prudential. Further, respondents argue that the clause has no application to disputes with individual employees Mr. Dublis and Mr. Emery, the district managers named in the state suit.

Paragraph 8 of Form U–4 states as follows:

I understand and certify that the representations herein apply to all employers with whom I seek registration as shown in Items 4 and 9 of this form. . . .

Item 4 identified the "Firm Name" as Pruco Securities Corp. Item 9 of Form U–4 indicated that Mr. Shammas would maintain multiple registrations with Prudential Insurance Company of America, a broker dealer under common ownership or control with the firm named in Item 4.

Mr. Shammas acknowledges that he was employed by Prudential and that Prudential owned Pruco Securities. Furthermore, his act of registering with NASD was as part of his employment with Prudential. The Court agrees with Prudential that the context of the registration plus the language in Paragraph 8 make it clear that the representation concerning arbitration, paragraph 5, applies to his employer listed in Item 9: Prudential Insurance Company.

■ Respondents argue that the state court claims against Mr. Emery and Mr. Dublis were not covered by the arbitration clause and so compelling arbitration of the claim against Prudential, which is largely based on respondeat superior, while the court case continues against the individuals would be duplicative and wasteful.

Respondents have ignored the broad wording of the arbitration clause which states that he would "arbitrate any dispute . . . between me and . . . any other person, that is required to be arbitrated." Clearly, the clause anticipates that there will be disputes with individuals who are not parties to the agreement that will be arbitrated if required by the rules.

Respondents acknowledge that the NASD Code of Arbitration governs what is required to be arbitrated. Part I, Section 1, of the NASD Code, provides for the arbitration of "any dispute, claim, or controversy arising out of or in connection with the business of any member of the Association, with the exception of disputes involving the insurance business of any member which is also an insurance company: . . . (2) between or among members and public customers, or others. . . ."

Section 8 of the Code of Arbitration Procedure states that:

(a) Any dispute, claim, or controversy eligible for submission under Part I of this Code between or among members and/or associated persons, and/or certain others, arising in connection with the business of such member(s) or in connection with the activities of such associated person(s) shall be arbitrated under this Code. . . .

Finally, the NASD by-laws define the term "associated persons" as including a "branch manager of any member or any member or natural person engaged in the . . . securities business who is directly or indirectly controlling or controlled by such a member." Art. 1, ¶ 1101(m). Mr. Shammas, Mr. Emery, and Mr. Dublis all appear to fall within this definition as managers and as persons controlled by Prudential.

It should also be noted that Prudential represents to this Court that Mr. Emery and Mr. Dublis have made a motion in the state proceeding requesting arbitration of the dispute.

■ Finally, regarding the interpretation and coverage of arbitration clauses, when language is "ambiguous or unclear, any doubts concerning the scope of coverage should by resolved in favor of arbitration."

*McGinnis v. E.F. Hutton & Co.*, 812 F.2d 1011, 1013 (6th Cir.1987) *cert. denied*, 484 U.S. 824, 108 S.Ct. 87, 98 L.Ed.2d 49 (1987). *See also, Kauffman v. The Chicago Corp.*, 187 Mich.App. 284, 292, 466 N.W.2d 726 (1991) *leave to appeal denied*, 439 Mich. 944, 482 N.W.2d 716 (1992) (FAA indicates that "any doubt about the arbitrability of an issue is to be resolved in favor of arbitration.").

As the two district managers were alleged to have committed wrongful acts against Mr. Shammas arising out of their employment with Prudential, Mr. Shammas' agreement to arbitrate disputes between himself "and any other person" as required to be arbitrated by the NASD rules is applicable to the individuals.

■ Respondents also argue that because Mrs. Shammas is a party to the state suit, her claims cannot be found to be subject to the arbitration clause. First, "[u]nder the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement." *Moses H. Cone Hospital v. Mercury Constr. Corp.* 460 U.S. 1, 20, 103 S.Ct. 927, 939, 74 L.Ed.2d 765 (1983). Therefore, the claims of Mr. Shammas, if covered by the clause, would be bound to go to arbitration, irrespective of the fact that his wife is also a plaintiff and did not agree to arbitration.

■ More directly, however, respondents acknowledge that Mrs. Shammas' sole claim, for loss of consortium, was derivative of her husband's claims. As such, she "stands in the shoes" of her husband for purposes of determining whether her claim is subject to the arbitration clause. *Ballard v. Southwest Detroit Hosp.*, 119 Mich.App. 814, 327 N.W.2d 370 (1982). She is not free of the terms of the arbitration agreement. *Id.*

Accordingly, if the type of claims made by respondents are required by the NASD rules to be arbitrated under the agreement, then the claims should be sent to arbitration.

### Applicability to Claims in Complaint

■ As stated above, the NASD Code requires arbitration of any dispute that is in connection with the business of any member, except those involving the insurance business of a member which is also an insurance company.

Respondents claim that the expressed exception applies in this case because Prudential is an insurance company. However, Prudential argues persuasively that the exception concerns disputes actually concerning its "insurance business." The allegations in the complaint all concern alleged conduct toward Mr. Shammas by other employees and other people. The conduct complained of had nothing specifically to do with the insurance aspect of Prudential's business.

Respondents also assert that the claims are arguably not within the "business" of Prudential. The wisdom of making this argument is suspect given the attempt to hold Prudential liable under a respondeat superior theory. However, more to the point, respondents claim mistreatment by other employees of Prudential both on the job and outside of the normal working environment. Also, Mr. Shammas claims he was constructively discharged and that the district manager threatened never to promote him. These are clearly claims that arose out of or in connection with the business of Prudential.

Finally, respondents claim that the civil rights claims are not required to arbitrated by the NASD Code. It is true that the code is very broadly worded and does not specifically state that civil rights actions, such as allegations of employment discrimination, are to be arbitrated.

■ Prudential has provided several cases holding that civil rights actions, like other actions arising out of the business of a member, can be required to be arbitrated by such broad language. "Unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute," the controversy will not be excluded from coverage of the arbitration clause. *Marchese v. Shearson Hayden Stone, Inc.*, 734 F.2d 414, 419 (9th Cir.1984) (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir.1979) *cert. denied*, 444 U.S. 827, 100 S.Ct. 51, 62 L.Ed.2d 34 (1979)).

Prudential cites several cases holding that employment discrimination claims are subject to arbitration clauses, including a Supreme Court case that held a claim under the Age Discrimination in Employment Act was arbitrable. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). Also, "nothing in Title VII precludes the enforcement of the arbitration provision contained in the U–4 Securities Registration Form...." *Willis v. Dean Witter Reynolds, Inc.*, 948 F.2d 305, 310 (6th Cir.1991).

Respondents attempt to distinguish their situation from the cases cited by Prudential by noting that their complaint brings the civil rights claims solely under the Michigan civil rights statute, not the federal statutes addressed in the cited cases. They note that Michigan's Elliott–Larsen Act provides that "[t]his act shall not be construed to diminish the right of a person to direct or immediate legal or equitable remedies in the courts of the state." Mich.Comp.Laws Ann. 37.2803.

Respondents cite cases that say that there is no need to exhaust federal military procedures or administrative procedures under the Railway Labor Act in order to pursue a claim of discrimination in the courts. *See DeMara v. Governor*, 183 Mich.App. 87, 454 N.W.2d 401 (1990) and *Walker v. Consolidated Rail Corp.*, 178 Mich.App. 451, 444 N.W.2d 199 (1989). However, none of the cases cited by respondents stand for the proposition that an agreement to arbitrate would not preclude a judicial remedy for discrimination claims. None of the cases cited by respondents suggest that a state civil rights claim is not arbitrable under the FAA.

### *JUDGMENT*

In accordance with the opinion entered this date;

**IT IS HEREBY ORDERED** that petitioner Prudential Insurance Company of America's petition to compel arbitration, filed May 24, 1993 (dkt. # 1), is **GRANTED;**

**IT IS FURTHER ORDERED** that respondents, Maher Shammas and Deborah Shammas, submit the claims included in their complaint, filed in the Michigan Circuit Court in Kent County, to arbitration in accordance with National Association of Securities Dealers, Inc.'s Code of Arbitration Procedure.