775 So.2d 132 (2000)
ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY COMPANY
v.
William A. MILLER.
Nowlin & Associates
v.
William A. Miller.
1980529 and 1980530.
Supreme Court of Alabama.
June 23, 2000.
*133 James A. Kee, Jr., Michael L. Jackson, and Mark M. Hogewood of Wallace, Jordan, Ratliff & Brandt, L.L.C., Birmingham, for appellant Allmerica Financial Life Insurance and Annuity Company.
Kenneth O. Simon and Laura E. Proctor of Simon Borden, Birmingham, for appellant Nowlin & Associates.
David H. Marsh, Jeffrey C. Rickard, and Thomas M. Powell of Marsh, Rickard & Bryan, P.C., Birmingham, for appellee.
HOUSTON, Justice.[1]
William A. Miller was employed, through Nowlin & Associates, as an agent for Allmerica Financial Life Insurance and Annuity Company ("Allmerica").[2] Allmerica is a member of the National Association of Securities Dealers ("NASD"); Nowlin & Associates is not a member of NASD. Miller sued Allmerica and Nowlin & Associates, alleging various wrongs arising out of the terms of his employment. Specifically, Miller's complaint alleged that he had become a top seller of an insurance product called Payroll Exceptional Life ("PEL"); that he had been promised vested commissions for selling the PEL; that Allmerica had sold the PEL product line to American Hermitage Life Insurance Company; and that by selling the PEL product line Allmerica had severed Miller's vested commissions. These allegations constituted the factual basis of his seven-count complaint.[3]
Allmerica and Nowlin & Associates asked the trial court to compel arbitration of Miller's claims, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. The underlying arbitration agreement is found in the application Miller signed to become a registered securities agent; that application is styled "Uniform Application for Securities Industry Registration or Transfer" ("Form U-4"). Form U-4 requires Miller to arbitrate "any disputes, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of [NASD]." However, § 10101 of the NASD Code of Arbitration[4] excepts from arbitration matters involving "the insurance business of any member who is also an insurance company." Relying on our decision in Ex parte Hagan, 721 So.2d 167 (Ala.1998), the trial court refused to compel arbitration. In Hagan we held that a lawsuit filed by an insurance agent with claims factually similar to Miller's involved the "insurance business" and fell within the exception to § 10101.[5] By so holding, we overturned the trial court's order compelling arbitration.
The significant issues in these appeals are (1) whether the trial court correctly concluded that Miller's claims are excepted by § 10101 of the NASD Code, as defined in Hagan, and, if so, (2) whether Hagan should be overruled on the ground that it *134 makes too broad an interpretation of § 10101. Before we address those two issues, however, we must consider whether Allmerica and Nowlin & Associates have standing to enforce the arbitration clause found in Form U-4.
Nowlin & Associates is not a member of NASD.[6] To determine what legal effect its nonmembership has on its demand for arbitration, we must look to the NASD Code of Arbitration. Section 10101 of that Code, "Matters Eligible for Submission," provides for the arbitration of:
"any dispute, claim, or controversy arising out of or in connection with the business of any member of the Association, or arising out of the employment or termination of associated person(s) with any member, with the exception of disputes involving the insurance business of any member which is also an insurance company:
"(a) between or among members;
"(b) between or among members and associated persons;
[and]
"(c) between or among members or associated persons and public customers, or others...."
In Hagan, we considered whether a nonmember corporation, like Nowlin & Associates, could be a "person associated with a member":
"A `person associated with a member' or an `associated person of a member' is defined as
"`every sole proprietor, partner, officer, director, or branch manager of any member [of the NASD], or any natural person occupying a similar status or performing similar functions, or any natural person engaged in the investment banking or securities business who is directly or indirectly controlling or controlled by such member, whether or not any such person is registered or exempt from registration with the [NASD] pursuant to these By-Laws.'
"NASD Bylaws, Art. I, ¶ q. Under this definition, only a natural person is an `associated person of a member.' Because [the nonmember corporation] is not a natural person, it is not an `associated person of a member.'"
Ex Parte Hagan, 721 So.2d at 169. Nowlin & Associates is not a member; it is not a person associated with a member; and it is not an associated person of a member; therefore, it does not have standing to compel arbitration. We affirm the trial court's refusal to compel arbitration of the dispute between Miller and Nowlin & Associates.
Unlike Nowlin & Associates, Allmerica is a registered member of NASD. Therefore, under the rules cited above, Allmerica has standing to enforce the arbitration agreement, provided the matter to be arbitrated does not fall within the exception found in § 10101. See SouthTrust Securities, Inc. v. McClellan, 730 So.2d 620 (Ala.1999) (compelling arbitration under the FAA and the NASD Code of Arbitration when the plaintiff had signed a Form U-4).[7] This brings us to the first issue stated earlier: Is the underlying dispute a matter involving Allmerica's insurance business and thus excepted from the arbitration provision?
In Hagan, we answered a similar question by holding that the exception of § 10101 applies to members who are insurance companies. 721 So.2d at 171 (holding that the "exception applies because of Minnesota Mutual's status as an insurance *135 company"). We based this holding on the following rationale:
"It seems clear that the purpose of the exception is to exclude disputes involving the business of insurance as distinguished from those involving the sale of securities. A plain reading of § 10101 of the Code of Arbitration of the National Association of Securities Dealers is that it is intended to require arbitration of disputes regarding the securities business of its members. It is reasonable to conclude that securities regulations apply only to the securities business, and not to the insurance business. Indeed, the insurance business is commonly exempted from laws that regulate other businesses and industries. See, e.g., the McCarran-Ferguson Act, 15 U.S.C. § 1012(b), which provides in part: `No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance ... unless such Act specifically relates to the business of insurance.' Similarly, the NASD, in adopting its Code of Arbitration, was careful to except disputes involving the insurance business, which is not within the field of operation of the NASD.
"We are aware that some courts have otherwise construed § 10101 or its similarly worded predecessors. However, some of the cases relied on by the defendants have applied a Form U-4 arbitration to a dispute with an insurance company without even mentioning the exception to § 10101. Hermes v. Prudential Ins. & Fin. Services, 109 Ohio App.3d 309, 671 N.E.2d 1384 (1996); Gerga v. The Prudential Ins. Co. of America, d/b/a Prudential Ins. & Fin. Services, No. 96-12932, (Hennepin County, Minn., District Court, Feb. 10, 1997) (copy provided in Minnesota Mutual's brief, at app. C); Tom v. The Minnesota Mut. Life Ins. Co., No. CC-95-1805 (Hawaii Circuit Ct., 1st Cir., March 19, 1997) (copy provided in Minnesota Mutual's brief, at app. D).
"We find unpersuasive the reasoning of the cases that have discussed the exception to § 10101 and held that it did not apply to the claims at issue. In Armijo v. Prudential Ins. Co. of America, 72 F.3d 793, 795 (10th Cir.1995), the three plaintiffs `primarily sold insurance policies, but also sold mutual funds through Pruco Securities Corporation,' a wholly owned subsidiary of Prudential Insurance Company. The plaintiffs filed claims in a federal court alleging that their employment had been terminated based on their race, sex, or national origin. The Court of Appeals for the Tenth Circuit rejected their argument for application of the exception to the NASD provision that is now § 10101:
"`Although Prudential is an insurance company, there is nothing unique about these discrimination claims by Plaintiffs that involve the "insurance business" of Prudential. Plaintiffs are simply alleging that they were wrongfully discriminated against as employees in violation of [federal and state laws]. Illegal employment discrimination, if it exists, involves an employer's statutory obligations as an employer rather than as an insurer. Admittedly, Prudential's explanation for its actions against these Plaintiffs is that, in part, they replaced one Prudential policy with another or knowingly sold a policy based on a false application form. However, the dispute as framed by the Plaintiffs is predicated on the civil rights laws, not the insurance laws, and they are predicated on Prudential's role as an employer rather than as an insurer.
"`If Section [10101] of the NASD Code were construed to exclude from arbitration any employment dispute that arises within the context of insurance employment, it would render the arbitration language in these Plaintiffs' Forms U-4 illusory. Once again, our obligation is to reconcile and to give meaning to all provisions of the *136 parties' contracts. Our obligation to construe arbitration clauses broadly compels us to construe this exception to the arbitration clause narrowly. Thus, we conclude that the insurance exception to arbitrability does not include an exception for ordinary employment disputes merely because the defendant employer is an insurance company.'
"We see nothing in the exception that requires application of insurance laws before the exception is triggered; rather, the exception plainly states that the arbitration clause does not apply to `disputes involving the insurance business of any member which is also an insurance company.' What could be more crucial to the insurance business than the employment of agents to sell insurance? We respectfully disagree with the Tenth Circuit's conclusion that enforcing § 10101's exception in its own terms renders Form U-4's arbitration clause `illusory.' Rather, we read the arbitration clause in Form U-4 as applying to applicants for securities registration so as to provide for arbitration of disputes that are `required to be arbitrated under the rules, constitutions, or by-laws of' the relevant securities association. The Code of Arbitration of the NASD does not require arbitration of disputes concerning the insurance business of an association member that is an insurer as well as a securities firm. Surely the employment of insurance agents by an insurance company involves the insurance business of the insurance company.
"Similar results, for similar reasons, were reached by federal district courts in Battle v. Prudential Ins. Co. of America, 973 F.Supp. 861, 868-69 (D.Minn. 1997) (`To trigger the insurance exception, the plaintiff must allege unlawful insurance practices, and not wrongful conduct directed at the plaintiff,' citing Pitter v. Prudential Life Ins. Co. of America, 906 F.Supp. 130 (E.D.N.Y. 1995)); Cular v. Metropolitan Life Ins. Co., 961 F.Supp. 550, 558 (S.D.N.Y.1997) (complaint not within the exception because it `does not raise complex insurance law questions'); Prudential Ins. Co. of America v. Shammas, 865 F.Supp. 429, 432 (W.D.Mich.1993) (`The allegations in the complaint all concern alleged conduct toward Mr. Shammas by other employees and other people. The conduct complained of had nothing specifically to do with the insurance aspect of Prudential's business.'); and Foley v. Presbyterian Ministers' Fund, (No. 90-1053, E.D.Pa., March 19, 1992) (dispute `arises out of the Fund's personnel practices, not its "insurance business'").
"We respectfully disagree with the conclusions reached by those courts. It seems that those courts are grafting onto § 10101's exception a requirement that, in addition to `involving the insurance business of a member that is also an insurance company,' the claims at issue must involve only questions of insurance law, or even `complex' questions of insurance law. In our view, the exception, in its plain terms, simply excepts disputes involving the insurance business of insurance companies from the arbitration clause that applies to the securities business of securities companies. The dispute before us involves the insurance business of Minnesota Mutual, an insurance company, and the actions of its general agent, Sizemore, through his company, Paragon, in the furtherance of that insurance business."
Ex parte Hagan, 721 So.2d 167, at 171-73 (Ala.1998). (Footnotes omitted.) (Emphasis omitted.) Based on this Court's decision in Hagan, we hold that Miller's claims involve the insurance business of Allmerica; that the claims fall under the exception stated in § 10101; that the trial court correctly relied on precedent from this Court; and, therefore, that the judgment of the trial court is due to be affirmed.
Allmerica recognizes the precedent of Hagan, but asks us to overturn it, based upon the following cases: Mouton v. Metropolitan *137 Life Ins. Co., 147 F.3d 453 (5th Cir.1998); In re Prudential Ins. Co. of America Sales Practice Litigation All Agent Actions, 133 F.3d 225 (3d Cir.), cert. denied sub nom. Weaver v. Prudential Ins. Co. of America, 525 U.S. 817, 119 S.Ct. 55, 142 L.Ed.2d 43 (1998); Armijo v. Prudential Ins. Co. of America, 72 F.3d 793 (10th Cir.1995); Kidd v. Equitable Life Assurance Soc'y of the United States, 32 F.3d 516 (11th Cir.1994); Paul Revere Variable Annuity Ins. Co. v. Zang, 81 F.Supp.2d 227 (D.Mass.2000); Brannon v. Massachusetts Mut. Life Ins. Co., No. CIV A. 99-3497 (E.D.La., Jan. 31, 2000) (not published in F.Supp.); Paul Revere Variable Annuity Ins. Co. v. Thomas, 66 F.Supp.2d 217 (D.Mass.1999); Palmer-Scopetta v. Metropolitan Life Ins. Co., 37 F.Supp.2d 1364 (S.D.Fla.1999); Herko v. Metropolitan Life Ins. Co., 978 F.Supp. 141 (W.D.N.Y.1997); Battle v. Prudential Ins. Co., 973 F.Supp. 861 (D.Minn.1997); Jankauskas v. Prudential Ins. Co. of America, No. Civ. A. 97-985 (E.D.Pa. May 6, 1997) (not published in F.Supp.); Cular v. Metropolitan Life Ins. Co., 961 F.Supp. 550 (N.D.N.Y.1997); Neary v. Prudential Ins. Co. of America, No. 3:96CV1513 (D.Conn., Feb. 24, 1997) (not published in F.Supp.); Vitone v. Metropolitan Life Ins. Co., 943 F.Supp. 192 (D.R.I.1996); Weinstein v. Equitable Life Assurance Soc'y of the United States, No. CIV. A. 96-CV-3614 (E.D.La. Sept. 26, 1996) (not published in F.Supp.); Pitter v. Prudential Life Ins. Co., 906 F.Supp. 130 (E.D.N.Y.1995); Wojcik v. Aetna Life Ins. & Annuity Co., 901 F.Supp. 1282 (N.D.Ill.1995), clarified by 916 F.Supp. 729 (N.D.Ill.1996); Hall v. MetLife Resources, No. 94 Civ. 0358 (S.D.N.Y., May 3, 1995) (not published in F.Supp.); Trumbetta v. Metropolitan Life Ins. Co., Civ. A. No. 94-3275 (E.D.Pa., 1994) (not published in F.Supp.); Prudential Ins. Co. v. Shammas, 865 F.Supp. 429 (W.D.Mich.1993); Northwestern Mut. Life Ins. Co. v. Stinnett, 698 N.E.2d 339 (Ind. Ct.App.1998); Fastenberg v. Prudential Ins. Co. of America, 309 N.J.Super. 415, 707 A.2d 209 (App.Div.1998).
We are not persuaded that we should overrule Hagan.
AFFIRMED.
COOK, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
HOOPER, C.J., and MADDOX and SEE, JJ., concur in part and dissent in part.
SEE, Justice (concurring in part and dissenting in part).
I concur in the affirmance of the trial court's order denying Nowlin & Associates' motion to compel arbitration. I dissent from the affirmance of the trial court's order denying Allmerica Financial Life Insurance and Annuity Company's motion to compel arbitration.
In denying Allmerica's motion to compel arbitration, the trial court relied on Ex parte Hagan, 721 So.2d 167 (Ala.1998). In Hagan, this Court held that an employment dispute with an insurance company necessarily involves the insurance business of that company and therefore comes within the insurance business exception under § 10101 of the Code of Arbitration of the National Association of Securities Dealers. The holding of Hagan is contrary to the clear majority of cases, as cited in the main opinion.[8] I would overrule Hagan and, in accordance with the clear majority of authority, hold that plaintiff William A. Miller's employment dispute with Allmerica *138 does not involve the business of insurance and is therefore arbitrable. Accordingly, I dissent.
HOOPER, C.J., and MADDOX, J., concur.
NOTES
[1] This case was originally assigned to another Justice on this Court; it was reassigned to Justice Houston on April 21, 2000.
[2] When Miller entered into the "Career Agent's Agreement," Allmerica was known as SMA Life Assurance Company.
[3] Count 1 alleged breach of contract; Count 2 alleged deceit; Count 3 alleged misrepresentation or suppression; Count 4 alleged negligent, reckless, wanton, and/or wrongful behavior; Count 5 alleged fraudulent deceit; Count 6 alleged suppression of a material fact; and Count 7 alleged intentional interference with Miller's business.
[4] This code was adopted by NASD pursuant to Art. VII, § 1(a)(3), of its bylaws.
[5] In Hagan, the insurance agent's complaint alleged libel, fraud in the inducement, fraudulent concealment, and breach of contract against three companies that had hired him to sell insurance policies and that had subsequently terminated his employment.
[6] Nowlin & Associates has never filed a Form U-4 to become a member of NASD. The record indicates that Charles Nowlin, as an individual, has filed a Form U-4, but that Nowlin & Associates, a separate legal entity, has not filed a Form U-4.
[7] SouthTrust Securities did not involve the insurance exception.
[8] As one of the authorities cited in the main opinion states: "The fact that [the defendant] is an insurance company does not automatically mean that a dispute involves its `insurance business.' To the contrary, courts have almost universally held that being employed by an insurance company is not enough to trigger the exception and instead examine the degree to which the pending claim is entangled with the company's insurance business." Paul Revere Variable Annuity Ins. Co. v. Thomas, 66 F.Supp.2d 217, 228 (D.Mass.1999) (citations omitted).