**HERMES, Appellant,**

**v.**

**PRUDENTIAL INSURANCE AND FINANCIAL SERVICES, Appellee, et al.**

[Cite as *Hermes v. Prudential Ins. & Fin. Serv.* (1996), 109 Ohio App.3d 309.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA 95–06–100.

Decided Feb. 20, 1996.

*Jacobs, Kleinman, Seibel & McNally* and *Mark J. Bryne,* for appellant.

*Virginia Conlan Whitman,* for appellee.

KOEHLER, Judge.

On December 27, 1994, plaintiff-appellant, John Hermes, filed a complaint pursuant to R.C. 4112.02(A) and 4112.99 against Prudential Insurance Company of America, alleging that Prudential had discharged him because of his age and handicap. On January 17, 1995, defendant-appellee Prudential Insurance and Financial Services contacted appellant by letter demanding that he submit to arbitration as required by the National Association of Security Dealers ("NASD") U–4 Uniform Application for Securities Industry Registration or Transfer Agreement[1] signed by appellant in 1983. Under the NASD code of arbitration procedure, all disputes between a member and an affiliated person, including employment disputes, must be submitted to arbitration.

On February 27, 1995, appellee filed a motion to dismiss and/or stay to compel arbitration. On April 14, 1995, appellant filed a memorandum in opposition. On May 8, 1995, the trial court granted appellee's motion and dismissed the case. It is from this judgment appellant now appeals, raising the following assignments of error:

Assignment of Error No. 1

"The trial court erred to the prejudice of the plaintiff/appellant in dismissing his claim."

Assignment of Error No. 2

"The trial court erred to the prejudice of the plaintiff/appellant in dismissing his complaint rather than issuing a stay of the proceedings."

---

1. The U–4 application is used to register securities dealers with different exchanges and associations.

Appellant contends that the U–4 application submitted to the NASD does not compel him to arbitrate his claim against Prudential because "Pruco Securities" was the organization identified in the application. A review of the record indicates that the U–4 application appellant signed stated, "I agree to arbitrate any dispute, claim, or controversy that may arise between me and my firm, or customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations with which I register, as indicated in question 8." Further, appellant was a member of the NASD in 1993 when the arbitration procedure was revised to specifically include employment disputes.

■ Since Pruco Securities is a wholly owned subsidiary of Prudential through which Prudential sells securities and since both Pruco and Prudential are members of NASD, we find that appellant is bound by the arbitration agreement he entered into by continuing his membership in the NASD. Further, by his membership in the NASD, appellant agreed to abide by the rules, bylaws, and regulations as they are and may be adopted, changed, or amended from time to time.

In addition, appellant argues that the 1993 amendments to the NASD Code of Arbitration Procedure are not retroactive and thus do not apply to his employment discrimination claim. We agree with the trial court's reliance on the United States Court of Appeals of the Eleventh Circuit decision in *Kidd v. Equitable Life Assur. Soc. of United States* (C.A.11, 1994), 32 F.3d 516, in which the federal court of appeals held that the NASD code of arbitration requires arbitration of employment disputes between NASD members and the registered sales representatives, even prior to the 1993 amendment of the code which clarified the intention of the NASD that such claims be arbitrated. Accordingly, appellant's first assignment of error is overruled.

■ In his second assignment of error, appellant contends that the trial court erred in dismissing his complaint rather than issuing a stay of the proceedings and referring his case to arbitration. It is well settled if there are no issues pending that are not referable to arbitration then the case may be dismissed in its entirety by the trial court. See *Alford v. Dean Witter Reynolds, Inc.* (C.A.5, 1992), 975 F.2d 1161, 1164; *Didado v. Lamson & Sessions Co.* (1992), 81 Ohio App.3d 302, 305, 610 N.E.2d 1085, 1087. Therefore, the trial court correctly dismissed appellant's complaint. Accordingly, appellant's second assignment of error is overruled.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and POWELL, J., concur.