[Cite as *Bachrach v. Cornwell Quality Tool Co., Inc.*, 2014-Ohio-5778.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DAVID BACHRACH, et al.

    Appellees/Cross-Appellants

    v.

CORNWELL QUALITY TOOLS CO., INC.

    Appellant/Cross-Appellee

C.A. No.     27113

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2010-01-0543

DECISION AND JOURNAL ENTRY

Dated: December 31, 2014

---

WHITMORE, Judge.

{¶1} Appellant/Cross-Appellee, Cornwell Quality Tools Co. ("Cornwell"), appeals from the judgment of the Summit County Court of Common Pleas. Appellees/Cross-Appellants, David Bachrach and seven other former Cornwell franchise owners (collectively, "Bachrach"), appeal from the same judgment. This Court affirms in part and reverses in part.

I

Eight former Cornwell tool dealers, including David Bachrach, sued Cornwell Quality Tools Company for compensatory and punitive damages, alleging common law deceptive trade practices, violation of Ohio's Business Opportunity Law, fraud, fraud in the inducement, consumer fraud, negligent misrepresentation, and breach of fiduciary duty. The former franchisees brought class action claims in Summit County Common Pleas Court as representatives of a proposed class of nearly 500. In response, Cornwell filed a motion to stay pending arbitration. The trial court denied the stay and scheduled a pretrial. Cornwell appealed, arguing that the trial court incorrectly denied the stay because the question should have been referred to an arbitrator, that decisions of the United States Supreme Court and Ohio Supreme Court require arbitration under the parties' contract, and that the trial court incorrectly ruled on the motion to stay without gathering additional evidence.

*Bachrach v. Cornwell Quality Tool Co.*, 9th Dist. Summit No. 25444, 2011-Ohio-2498, ¶ 1. This Court found that the issue of arbitrability was a matter for the court and reversed the trial court's denial of Cornwell's motion to stay because Bachrach's claims fell within the scope of the arbitration agreement. *Id*. at ¶ 1, 13.

{¶2} On remand, a magistrate entered an order granting Cornwell's motion to stay pending arbitration. Neither party moved to set aside the order. The case proceeded through extensive motion practice and various individuals resolved their claims through individual arbitration. Approximately one year after remand, Cornwell filed a counterclaim, requesting the court issue: (1) an injunction prohibiting Bachrach from pursuing class arbitration, and (2) a declaratory judgment that class arbitration was not permissible under their contracts. Bachrach moved to dismiss Cornwell's counterclaim.

{¶3} After a hearing, the magistrate issued a decision recommending that the court deny Bachrach's motion to dismiss because the court, not the arbitrators, needed to decide whether class arbitration was permitted. Bachrach filed an objection to the magistrate's decision, arguing, in part, that this Court had already determined that the claims should be arbitrated as a class. The trial court rejected the magistrate's recommendation and concluded as a matter of law that "an arbitration agreement that is silent as to class versus individual arbitration is a question for the arbitrator, not the court to decide." Based on this finding, the court granted Bachrach's motion to dismiss the counterclaim. Cornwell now appeals and Bachrach cross-appeals.

II

Cornwell's Assignment of Error Number One

THE TRIAL COURT ERRED IN DISMISSING THE COUNTERCLAIM, BASED ON ITS CONCLUSION OF LAW THAT THE ARBITRATORS, RATHER THAN THE COURT, HAD THE AUTHORITY TO DETERMINE WHETHER THE CASE COULD PROCEED AS CLASS ARBITRATION.

**{¶4}** In its first assignment of error, Cornwell argues that the court erred in concluding that the issue of class versus individual arbitration is a question for the arbitrator when the arbitration agreement is silent on the matter. We agree.

**{¶5}** "Generally, absent an error of law, 'the decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion.'" *Dietrich v. Dietrich*, 9th Dist. Summit No. 26919, 2014-Ohio-4782, ¶ 10, quoting *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5. In conducting our review, however, "we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. Cornwell's argument presents a question of law. This Court reviews questions of law de novo. *State v. Dawson*, 9th Dist. Summit No. 26500, 2013-Ohio-1767, ¶ 8. In applying that standard, we give no deference to the trial court's determination. *In re L.W.*, 9th Dist. Summit Nos. 26861 & 26871, 2013-Ohio-5556, ¶ 8.

**{¶6}** After a hearing, the magistrate recommended that the court deny Bachrach's motion to dismiss Cornwell's counterclaim because the court, not the arbitrator, must decide whether arbitration may proceed as a class. The magistrate further found that there had yet to be such a determination by the court. The trial court rejected the magistrate's recommendation and found that the question of whether the claims may be arbitrated as a class is a question for the arbitrator, not the court.

**{¶7}** In *Bachrach*, 2011-Ohio-2498, Cornwell argued that the "trial court incorrectly failed to grant its stay pending arbitration to allow an arbitrator to decide in the first instance whether the parties agreed to class arbitration." *Id*. at ¶ 5. However, we remarked that the parties had "engendered much confusion * * * by framing the issue in terms of whether the

claims could be arbitrated as a class as opposed to whether the claims pleaded as a class action can be arbitrated." *Id*. at ¶ 22. The latter issue must be decided first. *Id*. at ¶ 13. This Court held that when deciding the issue of whether the class action claims could be arbitrated "the trial court had to decide whether [Bachrach's] claims f[e]ll within the scope of the parties' arbitration agreement, without regard to their class action allegations." *Id*. This issue of arbitrability must be decided by the court, not the arbitrator, absent an agreement between the parties to the contrary. *Id*. at ¶ 12-13. This Court did not reach the issue currently presented: who decides, the court or the arbitrator, whether claims may be arbitrated as a class. *See id*. at ¶ 13.

{¶8} Parties may contractually agree to arbitrate a dispute. Arbitration is a matter of consent. *See Volt Information Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989). "The authority of an arbitrator to interpret and enforce a contract is drawn from the contract itself, and for this reason [the Ohio Supreme Court has] held that '[a]n arbitrator's authority is limited to that granted him by the contracting parties, and does not extend to the determination of the wisdom or legality of the bargain.'" *Cedar Fair, L.P. v. Falfas*, 140 Ohio St.3d 447, 2014-Ohio-3943, ¶ 5, quoting *Goodyear Tire & Rubber Co. v. Local Union No. 200, United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 42 Ohio St.2d 516, 519 (1975). *See Stolt-Nielsen S.A. v. AnimalFeeds Internatl. Corp.*, 559 U.S. 662, 682-687 (2010).

{¶9} The question of arbitrability "is undeniably an issue for judicial determination." *AT & T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 649 (1986). *Accord Academy of Medicine of Cincinnati v. Aetna Health, Inc.*, 108 Ohio St.3d 185, 2006-Ohio-657, ¶ 12. What kinds of issues fall within the question of arbitrability, however, is not always clear. *See, e.g., Reed Elsevier, Inc. ex rel. LexisNexis Div. v. Crockett*, 734 F.3d 594, 597-598 (6th Cir.2013).

{¶10} Federal courts have distinguished between threshold or gateway questions and procedural or subsidiary questions. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83-84 (2002). A threshold question is a "narrow circumstance where contracting parties would likely have expected a court to have decided the [ ] matter." *Id*. at 83. Thus, "[i]f the contract [between the parties] is silent on the matter of who primarily is to decide 'threshold' questions about arbitration, courts determine the parties' intent with the help of presumptions." *BG Group, PLC v. Republic of Argentina*, __ U.S. __, 134 S.Ct. 1198, 1206 (2014). Those presumptions include that the courts, not the arbitrators, decide: (1) whether the claims fall within the arbitration agreement, *Academy of Medicine of Cincinnati* at ¶ 11-14, and (2) whether the arbitration agreement is legally enforceable, *see Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, ¶ 19-20.

{¶11} On the other hand, it is presumed that the parties intended arbitrators, not courts, to decide disputes about procedural or "subsidiary questions." *BG Group, PLC* at 1207; *Reed Elsevier, Inc.* at 597. "Subsidiary questions grow out of the dispute and bear on its final disposition, and they include, for example, issues related to waiver, delay, or whether a condition precedent to arbitrability has been fulfilled." (Internal quotations, citations, and alterations omitted.) *Reed Elsevier, Inc.* at 597.

{¶12} The question presented here is: when the contract between the parties is silent, is the determination that a case may be arbitrated as a class a threshold or subsidiary matter. We note that the parties have not directed this Court to any Ohio case law directly on point nor has this Court uncovered any. Further, this question has not been directly addressed by the United States Supreme Court. *See Oxford Health Plans LLC v. Sutter*, __U.S.__, 133 S.Ct. 2064, 2068 (2013), fn. 2. *See also Reed Elsevier, Inc.* at 597-598. As to the federal courts that have

addressed this question, there is a split among them. *Compare, e.g., Reed Elsevier, Inc.* at 597-599 (question of class arbitration is a matter for the courts to decide); *Opalinski v. Robert Half Internatl. Inc.*, 761 F.3d 326, 332 (3d Cir.2014) (matter for the courts), *with Guida v. Home Savings of Am., Inc.*, 793 F.Supp.2d 611, 615-619 (E.D.New York 2011) (issue is procedural and for the arbitrator to decide); *Blue Cross Blue Shield of Massachusetts, Inc. v. BCS Ins. Co.*, 671 F.3d 635, 636, 638-640 (7th Cir.2011) (upholding its prior decision that arbitrator decides).

**{¶13}** After a review of the relevant case law, we are persuaded by the rationale of the Sixth Circuit as stated in *Reed Elsevier, Inc*. While not directly addressing the issue presented here, the United States Supreme Court, "characterized the differences between bilateral and classwide arbitration as 'fundamental.'" *Id*. at 598, quoting *Stolt-Nielsen*, 559 U.S. at 686. Because the issue of whether the dispute may be arbitrated as a class is "fundamental to the manner in which the parties will resolve their dispute," the issue is more aligned with a threshold matter and must be decided by the court, absent an agreement to the contrary. *Id*. at 598-599.

**{¶14}** When a contract between parties is silent on who will decide whether a claim may be arbitrated as a class, the issue is one for the courts not the arbitrators to decide. Cornwell's first assignment of error is, therefore, sustained. The trial court's stay of the proceedings is vacated for the limited purpose of allowing the trial court to determine whether Cornwell's claims may be arbitrated as a class or individually.

<u>Cornwell's Assignment of Error Number Two</u>

> THE TRIAL COURT ERRED, IN THE ALTERNATIVE, IN DISMISSING THE COUNTERCLAIM WITHOUT REACHING THE MERITS OF THE MOTION TO VACATE THE ARBITRATORS' CLAUSE CONSTRUCTION AWARD THAT THE CASE COULD PROCEED AS CLASS ARBITRATION.

Cornwell's Assignment of Error Number Three

THE TRIAL COURT ERRED, IN THE ALTERNATIVE, IN DISMISSING THE
COUNTERCLAIM, IF THE TRIAL COURT DETERMINED THAT THE
ARBITRATORS' CLAUSE CONSTRUCTION AWARD THAT THE CASE
COULD PROCEED AS CLASS ARBITRATION SHOULD NOT BE
VACATED.

{¶15} In its second and third assignments of error, Cornwell argues that the court erred in failing to vacate the arbitrators' clause construction award. Cornwell concedes that these assignments are moot if this Court sustains its first assignment of error. Because this Court has sustained its first assignment of error, Cornwell's remaining assignments of error are moot and this Court declines to address them. *See* App.R. 12(A)(1)(c).

{¶16} Cornwell's second and third assignments of error are moot.

Bachrach's Assignment of Error

IN THE EVENT THAT THIS COURT ENJOINS THE ARBITRATION OF
APPELLEES' CLASS ACTION CLAIMS, APPELLEES HAVE THE RIGHT
TO ADJUDICATE THEIR CLASS ACTION[ ] CLAIMS IN THE TRIAL
COURT PURSUANT TO O.R.C.P. RULE 23.

{¶17} In their sole assignment of error, Bachrach requests this Court, if we sustain Cornwell's first assignment of error, to vacate the trial court's stay pending arbitration and reinstate their class claims for litigation.

{¶18} This Court previously held that Bachrach's claims fall "within the broad scope of the arbitration agreement." *Bachrach*, 2011-Ohio-2498, at ¶ 25. The claims, therefore, must be arbitrated and may not be litigated. *See id*. at ¶ 22-25. As discussed above, the issue of whether the arbitration may proceed as a class or must be done individually is a question that must be addressed by the trial court. Because Bachrach's claims fall within the scope of the arbitration agreement, they may not litigate their claims. Bachrach's sole assignment of error, asking this Court to vacate the stay pending arbitration and reinstate the case for litigation, is overruled.

III

**{¶19}** Cornwell's first assignment of error is sustained. Its second and third assignments of error are moot. Bachrach's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,<br>
reversed in part,<br>
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

CARR, P. J.
CONCURS.

MOORE, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

ROBERT M. GIPPIN, Attorney at Law, for Appellant/Cross-Appellee.

TIMOTHY A. SHIMKO, Attorney at Law, for Appellees/Cross-Appellants.

CHARLES E. DUNLAP, Attorney at Law, for Appellees/Cross-Appellants.