[Cite as *Shakoor v. VXI Global Solutions, Inc.*, 2017-Ohio-8018.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| LASHONNA SHAKOOR, et al. | ) | |
| | ) | |
| PLAINTIFFS-APPELLANTS | ) | |
| | ) | CASE NO. 16 MA 0038 |
| VS. | ) | |
| | ) | OPINION |
| VXI GLOBAL SOLUTIONS, INC. | ) | |
| | ) | |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS:     Civil appeal from the Court of Common
Pleas of Mahoning County, Ohio
Case No. 13 CV 3183

JUDGMENT:     Affirmed in part, reversed in part and
remanded.

APPEARANCES:

For Plaintiffs-Appellants

Attorney Anthony Lazzaro
920 Rockefeller Building
614 West Superior Avenue
Cleveland, Ohio 44113

Attorney James Rosenthal
Attorney Jason Bristol
The Hoyt Block Building, Suite 400
700 West St. Clair Avenue
Cleveland, Ohio 44113

For Defendant-Appellee

Attorney Patrick Madden
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104

Attorney Thomas Lipka
Atrium Level Two
The Commerce Building
201 Commerce Street
Youngstown, Ohio 44503-1641

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: September 27, 2017

DeGENARO, J.

{¶1} Plaintiffs-Appellants, LaShonna Shakoor and Anzel Milini, appeal the judgment of the trial court which, pursuant to a remand from this court in *Shakoor v. VXI Global Solutions, Inc.*, 2015-Ohio-2587, 35 N.E.3d 539 (7th Dist.) (*Shakoor I*), concluded the arbitration agreement between Appellants and their employer Defendant-Appellee, VXI Global Solutions, Inc., did not explicitly permit class arbitration, and thereby dismissed the action and referred the claims for individual arbitration.

{¶2} Appellants argue in this second appeal that the trial court erred by: dismissing the action pending arbitration, rather than staying it; by denying their motion to stay the action under the doctrine of federal preemption pending resolution of National Labor Relations Board [NLRB] Case No. 08-CA-133514; and by ruling that the parties' arbitration agreement prohibits class arbitration.

{¶3} First, the trial court correctly determined that the contract does not permit class arbitration. However, because a federal circuit split was developing at the time of the trial court's decision, there is an argument for preemption, which is a gateway issue that the trial court should address in the first instance. Moreover, pursuant to R.C. 2711.02(B), the trial court should have stayed the case pending arbitration instead of dismissing it. Accordingly, the trial court's judgment is affirmed in part, reversed in part and remanded for the trial court to determine the preemption issue.

**Facts and Procedural History**

{¶4} In 2013, Appellants filed a class action complaint against VXI, asserting that VXI, which operates call centers in Youngstown, Canton and Cincinnati, violated the Ohio Minimum Fair Wage Standards Act. Specifically, Appellants asserted that they and other employees of VXI were required to perform certain work before clocking in, such as starting and logging into VXI's computer system, software applications, and phone system. Appellants asserted that this unpaid work constituted a part of their principal activities, requested by VXI and performed for its benefit.

**{¶5}** VXI filed an answer denying the allegations and asserting that Appellants' claims are not subject to class certification and a class action. As an affirmative defense, VXI asserted that the complaint is barred, in whole or in part, by the employment contract which contains an arbitration agreement. Accordingly, VXI asserted that the complaint must be dismissed or stayed pursuant to R.C. 2711.02.

**{¶6}** Subsequently, VXI filed an amended answer, which added a counterclaim asserting that Appellants' claim was subject to the arbitration agreement and that the arbitration agreement does not provide for class arbitration. Thus, VXI asked the trial court to compel individual arbitration.

**{¶7}** Appellants filed a motion to stay pending arbitration pursuant to R.C. 2711.02(B). They asserted it was not until the receipt of VXI's answer that they recalled signing the arbitration agreement and that they agreed the claim is subject to arbitration. They filed a demand for arbitration with the American Arbitration Association.

**{¶8}** VXI responded to the stay motion, asserting that while the claim is subject to arbitration, VXI never agreed to *class* arbitration, which Appellants had requested in their arbitration demand. VXI argued that the determination of whether class arbitration is permitted by the arbitration agreement is a question for the court to decide and the arbitration agreement does not provide for class arbitration; thus, they moved to compel Appellants to individual arbitration. Appellants countered with a provision from the arbitration agreement, which they contended means that the arbitrator has the authority to decide whether the contract allows for class arbitration.

**{¶9}** After considering the parties' arguments, the trial court sustained the motion to stay the matter pending arbitration, but denied the motion to compel individual arbitration. Specifically, the trial court concluded that the claim concerning Ohio's Minimum Fair Wage Standards Act fell within the parameters of the arbitration agreement, but determined that the decision of whether the agreement permits class arbitration is for the arbitrator to decide, not the court.

**{¶10}** VXI appealed, and in *Shakoor I*, we held that whether the arbitration

agreement permitted an arbitrable claim to proceed through class arbitration was a gateway issue to be resolved by the judiciary, not the arbitrator. *Shakoor I* at ¶ 36, ¶ 49 (citing with approval *Bachrach v. Cornwell Quality Tools Co.*, 9th Dist. No. 27113, 2014-Ohio-5778.) Accordingly, we reversed and remanded the matter with instructions for the trial court to determine whether the parties' contract expressly permitted class arbitration. *Shakoor I* at ¶ 50.

{¶11} On remand, the parties were ordered to brief the class arbitration issue, and deadlines were set accordingly. Instead, Appellants filed a motion to stay pending determination of National Labor Relations Board Case No. 08-CA-133514, or alternatively, for enlargement of time to brief the class arbitration issue. Appellants argued that the question of whether the contract permitted class arbitration was preempted by the NLRB case and they requested a stay, supported by exhibits from the NLRB case. The issue in the NLRB case is whether VXI, by maintaining a position in both state court and arbitration proceedings that the arbitration agreement precludes class arbitration, has been "interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the [NLRA] in violation of Section 8(a)(1) of the [NLRA]." VXI opposed the stay and filed a separate brief arguing that the contract does not permit class arbitration.

{¶12} Without discussing the preemptive impact of the NLRB case, the trial court ruled the agreement did not explicitly permit class arbitration, dismissed the action and referred the claims for individual arbitration.

### Interpretation of Arbitration Agreement

{¶13} For clarity of analysis, we will address Appellants' third of three assignments of error which asserts:

> The trial court erred by ruling, as a matter of law, that the parties' arbitration agreement prohibits class action arbitration when it lacked a meaningful record on which to base such a conclusion.

{¶14} First, contrary to their assertions, Appellants had the time and

opportunity to brief the class arbitration issue and instead decided to brief preemption first, without asking the trial court for leave to do so. Although they did seek an enlargement of time to file their class arbitration brief the trial court never specifically ruled on the motion, thus we can presume it was denied. See *State ex rel. Kirin v. Evans*, 7th Dist. No. 15 MA 62, 2015-Ohio-3965, ¶ 13. They next argue that the trial court's failure to do so creates a due process issue.

**{¶15}** Although a trial court has discretion under Civ.R. 6(B) to extend the time for cause shown, here, Appellants failed to specify good cause in their request for an extension. They simply stated that if the trial court should disagree that a stay is required under the doctrine of federal preemption, they "request that they be granted an enlargement of time until 14 days after the denial of the motion for stay to submit their brief in support of class action arbitration." Appellants made a tactical choice despite the clear briefing deadlines set by the trial court. Thus, it was well within the trial court's discretion to proceed to decide the class arbitration issue absent a brief from Appellants.

**{¶16}** Turning to the merits, as this is an issue of contract interpretation, we apply a de novo standard of review. *Washington v. Covelli*, 2015-Ohio-2928, 35 N.E.3d 578, ¶ 11 (7th Dist.), citing *Nationwide Mutual Fire Insurance Company v. Guman Brothers Farm*, 73 Ohio St.3d 107, 652 N.E.2d 684 (1995).

**{¶17}** Both federal and Ohio courts have held that an arbitration clause does not authorize class arbitration without an affirmative statement of authority—silence is not enough. As the Sixth Circuit explained: "The [U.S. Supreme] Court has stated that 'it cannot be presumed the parties consented to [classwide arbitration] by simply agreeing to submit their disputes to an arbitrator.' ") *Reed Elsevier, Inc. ex rel. LexisNexis Div. v. Crockett,* 734 F.3d 594, 598 (6th Cir.2013), quoting *Stolt-Nielsen v. Animalfeeds Internatl. Corp.*, 559 U.S. 662, 685, 130 S.Ct. 1758 (2010). *See also Huffman v. Hilltop Companies, LLC*, 747 F.3d 391, 398-399 (6th Cir.2014) ("here the parties' arbitration clause nowhere mentions classwide arbitration. * * * We therefore conclude that the arbitration clause does not authorize classwide arbitration, and hold

that the plaintiffs must proceed individually.")

**{¶18}** Similarly, in *Bachrach v. Cornwell Quality Tools, Co.*, 9th Dist. No. 25444, 2011-Ohio-2498, ¶ 17, cited with approval by this court in *Shakoor I*, the Ninth District concluded that "[t]he holding in *Stolt-Nielsen* was that parties could not be forced to arbitrate, in a class format, claims pleaded as a class action, as opposed to arbitrating each claim individually, absent some contractual evidence of an agreement to arbitrate claims in a class format." *See also Taylor v. American Income Life Ins. Co.*, N.D.Ohio No. 1:13 CV 31, 2013 WL 2087359, *4 (May 14, 2013), ("Silence on the right to collective arbitration means there is no right to collective arbitration.")

**{¶19}** The arbitration agreement in this case is completely silent as to class arbitration and further makes no mention of the AAA Supplementary Rules for Class Arbitration. Moreover, contrary to Appellants' interpretation of the contractual language, the plain language of the agreement also supports this conclusion, using the words "I" and "me" in reference to the individual employee instead of "we" or "us" which could refer to employees collectively.

**{¶20}** Accordingly, the trial court correctly determined that the contract does not permit class arbitration, and Appellants' third assignment of error is meritless.

### Federal Preemption

**{¶21}** Next, in their second of three assignments of error, Appellants assert:

The trial court erred by failing to rule upon — and thereby effectively denying — Appellants' motion to stay the action under the doctrine of federal preemption pending resolution of National Labor Relations Board Case No. 08-CA-133514.

**{¶22}** Appellants argue that trial court's determination about whether the contract permitted class arbitration was preempted by the NLRB case pursuant to *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 244-245, 79 S.Ct. 773, 3 L.E.2d 775, and that a stay is essential to preserving their rights under the NLRA.

**{¶23}** As this court has explained:

> The *Garmon* doctrine is one type of preemption found to be necessary to implement federal labor policy by precluding state interference with the NLRB's interpretation and enforcement of the NLRA [National Labor Relations Act]. *Golden State Transit Corp. v. Los Angeles*, 475 U.S. 608, 613, 106 S.Ct. 1395, 89 L.E.2d 616 (1986); *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.E.2d 775 (1959). Under *Garmon* preemption, the NLRB has primary jurisdiction over (and thus states cannot regulate or judicially remedy) activity that is protected or arguably protected under § 7 of the NLRA or arguably constitutes an unfair labor practice and is thus prohibited under § 8 of the NLRA. *Garmon*, 359 U.S. at 244–245. S*ee also Wisconsin Dept. of Indus. v. Gould Inc.*, 475 U.S. 282, 286, 106 S.Ct. 1057, 89 L.E.2d 223 (1986). So, if a remedy can be sought under the NLRA, a separate remedy cannot generally be sought in state or federal court; otherwise conflicts would result. *See Garner v. Teamsters*, 346 U.S. 485, 498–499, 74 S.Ct. 161, 98 L.E. 228 (1953); *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 748–749, 105 S.Ct. 2380, 85 L.E.2d 728 (1985), fn.26.

*Anzevino v. DePasquale*, 7th Dist. No. 11 MA 111, 2012-Ohio-1507, ¶ 11.

**{¶24}** "The party arguing *Garmon* preemption bears the burden of showing that the conduct at issue is prohibited or protected by the [NLRA]." *Northwestern Ohio Admrs., Inc. v. Walther & Fox, Inc.*, 270 F.3d 1018, 1027 (6th Cir.2001). " 'That is, a party asserting pre-emption must advance an interpretation of the Act that * * * has not been 'authoritatively rejected' by the courts or the Board.' " *United Food & Commercial Workers Union, Local 1059, AFL-CIO v. Pillsbury Co.*, 138 Ohio App.3d 427, 431, 741 N.E.2d 579, 582 (10th Dist.2000), quoting *International Longshoremen's Assn., AFL-CIO v. Davis* (1986), 476 U.S. 380, 394-395, 106 S.Ct.

1904, 90 L.Ed.2d 389 (1986).

{¶25} In support of preemption, Appellants cite *Murphy Oil USA, Inc.*, 361 N.L.R.B. No. 72 (Oct. 28, 2014), where the NLRB affirmed its prior decision in *D.R. Horton* that "an employer violates the National Labor Relations Act 'when it requires employees covered by the Act, as condition of their employment, to sign an agreement that precludes them from filing joint, class, or collective claims addressing their wages, hours, or other working conditions against the employer in any forum, arbitral or judicial.' " *Murphy Oil USA, Inc.*, 361 N.L.R.B. No. 72, at *2, quoting *D.R. Horton, Inc.*, 357 NLRB No. 184, at 1.

{¶26} In particular, the Board in *Murphy Oil* found that the employer "violated Section 8(a)(1) of the [NLRA] by requiring its employees to agree to resolve all employment-related claims through individual arbitration, and by taking steps to enforce the unlawful agreements in Federal district court when the Charging Party and three other employees filed a collective claim against the Respondent under the Fair Labor Standards Act." *Id.* at *2.

{¶27} VXI counters that the Board's decision in *Murphy Oil* was rejected on appeal to the Fifth Circuit in *Murphy Oil USA, Inc. v. N.L.R.B.*, 808 F.3d 1013, 1015 (5th Cir.2015), following *D.R. Horton, Inc. v. N.L.R.B.*, 737 F.3d 344, 358 (5th Cir. 2013). VXI further notes that the federal circuit courts addressing the issue held that an agreement requiring an employee to arbitrate claims against an employer on an individual basis is enforceable under the Federal Arbitration Act and does not violate the NLRA. *See Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 297, n.8 (2d Cir.2013); *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1053-1054 (8th Cir.2013) (an agreement requiring an employee to arbitrate claims against an employer on an individual basis is enforceable under the FAA and does not violate the NLRA).

{¶28} However, prior to the trial court's decision on the class arbitration issue, the Seventh Circuit held the opposite. In *Lewis v. Epic Systems Corp.*, 823 F.3d 1147 (7th Cir.2016), that court held class action waivers in arbitration agreements are unenforceable under the NLRA, notwithstanding the FAA. Thus, at the time the

preemption issue was before the trial court, there was a split in the federal circuits developing.[1]

**{¶29}** Nevertheless, VXI argues that the class arbitration issue before the trial court on remand from *Shakoor I* is distinct from that in Appellant Milini's NLRB action. VXI contends the trial court had to decide a straightforward matter of contract: i.e., whether the parties agreed that arbitration would include class arbitration.

**{¶30}** While it is true that the NLRB case would not necessarily prohibit or preempt the trial court from deciding whether the parties' agreement permits class arbitration, *once the trial court made the decision that it does not*, the issue of *Garmon* preemption still needs to be resolved.

**{¶31}** Under "*Garmon* preemption, the NLRB has primary jurisdiction over (and thus states cannot regulate *or judicially remedy*) activity that is protected or arguably protected under § 7 of the NLRA or arguably constitutes an unfair labor practice and is thus prohibited under § 8 of the NLRA." (Emphasis added.) *Anzevino* at ¶ 11, citing *Garmon*, 359 U.S. at 244–245.

**{¶32}** The issue making its way through the federal courts, and at the heart of Appellant Milini's NLRB action, is whether arbitration agreements with individual employees that bar them from pursuing work-related claims on a class basis are prohibited as an unfair labor practice under the NLRA. Thus, once it determined the contract in this case does not permit class arbitration, the trial court should have proceeded to determine the preemption issue.

**{¶33}** First, this issue falls within the scope of our remand in *Shakoor I*; it is intertwined with the question of whether the agreement permits class arbitration. Second, Appellants raised the preemption at the earliest time they could have in the trial court. Appellant Milini instituted her NLRB case while *Shakoor I* was pending in

---

[1] The Sixth Circuit has not ruled on this issue. Notably, the Sixth Circuit would not necessarily hear an appeal from Appellants' NLRB case because federal law permits the parties to forum-shop to a degree. *See* 29 U.S.C 160(f) ("Any person aggrieved by a final order of the Board * * * may obtain a review of such order in any United States court of appeals * * * wherein such person resides or transacts business[.]"); *see also Brentwood at Hobart v. N.L.R.B.*, 675 F.3d 999, 1004-1005 (6th Cir.2012).

this court, and Appellants filed their motion regarding preemption once the case was remanded to the trial court and returned to the active docket there.

**{¶34}** Third, preemption is a "gateway issue" and thus one properly decided by the trial court and not the arbitrator. As this court explained in *Shakoor I*: "Gateway issues are typically issues for the court unless the contract provides otherwise. Subsidiary issues are typically issues that the arbitrator is to decide. Subsidiary issues have been defined as questions that 'grow of the dispute and bear on its final disposition.' [*Reed Elsevier, Inc. ex rel. LexisNexis Div. v.*] *Crockett*, 734 F.3d [594,] 597 [(6th Cir.2013)]" *Shakoor I* at ¶ 27. A gateway or "threshold question is a 'narrow circumstance where contracting parties would likely have expected a court to have decided the [ ] matter.' " *Shakoor I* at ¶ 27, citing *Bachrach* at ¶ 10, quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83-84 (2002). The parties would expect a court, not an arbitrator to decide a federal preemption issue.

**{¶35}** As a federal circuit split was developing at the time of the trial court's decision, there is an argument for preemption, which is a gateway issue that the trial court should address in the first instance.[2] Thus, Appellants' second assignment of error is meritorious in part.

### Dismissal of Action instead of a Stay

**{¶36}** Finally, in their first assignment of error, Appellants assert:

The trial court erred by dismissing the action pending arbitration, rather than staying it, as required by Ohio's Arbitration Act, R.C. 2711.02(B).

---

[2] Notably, following the trial court's decision in this case, the circuit split widened, with the Ninth Circuit joining the Seventh Circuit in *Lewis* to hold that class action waivers in arbitration agreements are unenforceable under the NLRA, notwithstanding the FAA. *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir.2016).

Additionally, since appellate briefing in the present matter concluded, the United States Supreme Court granted certiorari in *Murphy Oil*, *Lewis*, and *Morris* and consolidated the cases for decision. See *N.L.R.B. v. Murphy Oil USA, Inc.*, --- S.Ct. ----, 2017 WL 125666, (Jan. 13, 2017); *Epic Systems Corp. v. Lewis*, --- S.Ct. ----, 2017 WL 125664 (Jan. 13, 2017); *Ernst & Young, LLP v. Morris*, --- S.Ct. ----, 2017 WL 125665 (Jan. 13, 2017). According to the online docket, the case will be heard in October, 2017. Thus, on remand, it is for the trial court to determine whether or not to stay its decision on preemption until the Supreme Court issues its decision.

**{¶37}** R.C. 2711.02(B) provides:

If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, **shall** on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

(Emphasis added.)

**{¶38}** Appellants argue that the trial court, upon referring the claims for individual arbitration, had no authority under this statute to dismiss the case; they assert that a stay is required. As the parties note, there is a split in authority, regarding whether dismissal is proper when a trial court refers the matter to arbitration.

**{¶39}** There are a number of Ohio courts that cite to the plain language of the R.C. 2711.02(B), as quoted above—which only mentions a stay, not dismissal, and uses the word "shall"—to conclude that trial courts should stay cases pending arbitration. *See, e.g.*, *U.S. Bank Natl. Assn. v. Allen*, 2016-Ohio-2766, 52 N.E.3d 1237, ¶ 42 (3d Dist.) ("As is apparent from the language of the statute, when a trial court determines that certain claims are subject to arbitration, it must stay the entire proceeding until those claims have been arbitrated, even though the action may involve both arbitrable and non-arbitrable claims. The statute does not appear to confer any discretion to the trial court regarding the stay."). Several districts conclude that dismissal of a case is proper where all of the claims are referred to arbitration. *See, e.g.*, *Hermes v. Prudential Ins, and Financial Servs.*, 109 Ohio App.3d 309, 311, 671 N.E.2d 1384 (12th Dist.1996) ("if there are no issues pending that are not referable to arbitration then the case may be dismissed in its entirety by the trial

court.").

{¶40} This District has decided in favor of staying the trial court proceedings. In *Taylor Winfield Corp. v. Winner Steel, Inc.,* 7th Dist. No. 05MA191, 2006-Ohio-4608, ¶ 14, we held that the trial court should have stayed proceedings pending arbitration, rather than dismissing for lack of subject matter jurisdiction pursuant to Civ.R. 12(B)(1). *Id.* The only caveat with relying on this case to conclude dismissal is not permitted, is that procedurally, the case arose pursuant to a motion to dismiss for lack of subject matter jurisdiction. However, it still stands for the proposition that a stay, rather than dismissal, is the proper course, when the matter is referred to arbitration. The panel noted that "[i]f there are issues in an action which are subject to arbitration, a party can move that the trial court stay trial and refer those issues to arbitration. This is the procedure which should have been followed in this case." *Id.* at ¶ 1.

{¶41} Further, there are valid policy reasons supporting staying the case rather than dismissing it. R.C. 2711.06 covers subpoenas of witnesses for arbitration proceedings and provides, in pertinent part:

> * * *If any person so subpoenaed to testify refuses or neglects to obey such subpoena, upon petition, the court of common pleas in the county in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person before said arbitrators, or punish said person for contempt in the same manner provided for securing the attendance of witnesses or their punishment for neglect or refusal to attend in such court.

{¶42} The statute permits the parties to return to the trial court during the course of arbitration to resolve some disputes. Then, after an arbitration award is rendered, a party is entitled to seek an order from the common pleas court confirming, vacating or modifying the award. R.C. 2711.09-2711.14. If the plaintiff's case is dismissed pending arbitration rather than stayed, the parties would in theory

have to file a new action each time the common pleas court's assistance is required, with the attendant risk of having their case assigned to a new judge. On the other hand, if the trial court enters a stay of the action and retains jurisdiction, then proceedings may be expedited, as the parties may simply return to the same judge presiding over the plaintiff's case.

**{¶43}** Accordingly, Appellants' first assignment of error is meritorious; the trial court should have stayed the matter pending arbitration, rather than dismissing it.

## Conclusion

**{¶44}** For the above reasons, Appellants' third assignment of error is meritless; the trial court correctly determined the contract does not permit class arbitration. Appellants' second assignment of error is meritorious in part; because a federal circuit split was developing at the time of the trial court's decision, there is an argument for preemption, which is a gateway issue that the trial court should address in the first instance. Finally, Appellants' first assignment of error is meritorious. Pursuant to R.C. 2711.02(B), the trial court should have stayed the case pending arbitration instead of dismissing it. Accordingly, we affirm the trial court's judgment in part, reverse in part and remand for the trial court to determine the preemption issue.

Donofrio, J., concurs.

Robb, P. J., concurs.